UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITT MILLER AND BRET GOULD, Individually and on Behalf of All Other Persons Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 4:14-cv-00708 |
| GLOBAL GEOPHYSICAL SERVICES, INC., et al., | § § § | |
| Defendants. | § | |

**DEFENDANT UHY LLP'S MOTION TO DISMISS
AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Karl G. Dial
Texas Bar No. 05800400
Southern District No. 6884
karl.dial@dlapiper.com
Casey Lee Moore
Texas Bar No. 24055997
Southern District No. 957592
casey.moore@dlapiper.com
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4500
Fax: (972) 813-6275

Lawrence A. Wojcik
(Admitted *pro hac vice*)
lawrence.wojcik@dlapiper.com
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
Telephone: (312) 368-4000
Fax: (312) 236-7156

Christina Ponig
Texas Bar No. 24041706
Southern District No. 600217
christina.ponig@dlapiper.com
Grayson Stratton
Texas Bar No. 24075443
Southern District No. 1232831
gray.stratton@dlapiper.com
DLA PIPER LLP (US)
1000 Louisiana Street
Suite 2800
Houston, TX 77002-5005
P: (713) 425-8400
F: (713) 425-8401

ATTORNEYS FOR DEFENDANT UHY LLP

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | Summary of the Argument | 1 |
| II. | Nature and Stage of Proceedings | 2 |
| III. | Facts | 3 |
| IV. | Issue and Standard of Review | 6 |
| V. | Arguments and Authorities | 7 |
| | A. The Entire Claim Against UHY Is Based on Its Opinions. | 8 |
| | B. Opinions—Even if Erroneous—Do Not Constitute a False or Misleading Statement of "Fact" Unless Both (1) False and (2) Not Honestly Believed When Made. | 10 |
| |     1. Plaintiffs Fail to Plead that UHY's Opinions Were Subjectively False. | 11 |
| |     2. Plaintiffs Fail to Plead that UHY's Opinions Were Objectively False. | 12 |
| |     3. Amended Complaint Also Fails to Allege Lack of Basis for UHY's Opinions. | 14 |
| VI. | Conclusion | 15 |

EAST\93348702.4

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................6, 7, 8, 15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................................................6, 7, 15

*Blackburn v. City of Marshall*,
    42 F.3d 925 (5th Cir. 1995) ....................................................................................................6

*City of Edinburgh Council v. Pfizer, Inc.*,
    754 F.3d 159 (3d Cir. 2014) ....................................................................................................8

*City of Omaha, Neb. Civilian Emps.' Ret. Sys. v. CBS Corp.*,
    679 F.3d 64 (2d Cir. 2012) ...............................................................................................10, 11

*City of Roseville Employees' Ret. Sys. v. Sterling Fin. Corp.*,
    963 F. Supp. 2d 1092 (E.D. Wash. 2013) ................................................................................8

*Dronsejko v. Grant Thornton*,
    632 F.3d 658 (10th Cir. 2011) .....................................................................................9, 12, 15

*Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*,
    454 F.3d 1168 (10th Cir. 2006) ..............................................................................8, 9, 13, 14

*In re Deutsche Bank AG Sec. Litig.*,
    No. 09 Civ. 1714 (DAB), 2012 WL 3297730 (S.D.N.Y. Aug. 10, 2012) ..........................11

*In re Enron Corp. Sec.*,
    465 F. Supp. 2d 687 (S.D. Tex. 2006) (Harmon, J.) ......................................................11–12

*Fait v. Regions Fin. Corp.*,
    655 F.3d 105 (2d Cir. 2011) ...............................................................................10, 11, 12, 14

*In re Fleming Cos., Inc. Sec. & Derivative Litig.*,
    No. CIVA503MD1530TJW, 2004 WL 5278716 (E.D. Tex. June 16, 2004) .......................7

*Greenberg v. Crossroads Sys., Inc.*,
    364 F.3d 657 (5th Cir. 2004) ............................................................................10, 11, 12, 14

*Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 719 F.3d 498 (6th Cir. 2013), *cert. granted*, 134 S. Ct. 1490 (Mar. 3, 2014) .......................................................................................................................11

*In re Lehman Bros. Sec. & ERISA Litig.*,
  799 F. Supp. 2d 258 (S.D.N.Y. 2011) ............................................................8–9, 13, 14, 15

*In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*,
  543 F.3d 150 (3d Cir. 2008) .................................................................................................11

*Lovelace v. Software Spectrum Inc.*,
  78 F.3d 1015, 1018 (5th Cir. 1996) .......................................................................................8

*MHC Mut. Conversion Fund, L.P. v. Sandler O'Neill & Ptrs., L.P.*,
  761 F.3d 1109 (10th Cir. 2014) .....................................................................................10, 11

*Nolte v. Capital One Fin. Corp.*,
  390 F.3d 311 (4th Cir. 2004) ...............................................................................................11

*Rubke v. Capitol Bancorp Ltd.*,
  551 F.3d 1156 (9th Cir. 2009) .......................................................................................10–11

*In re Salomon Analyst Level 3 Litig.*,
  350 F. Supp. 2d 477 (S.D.N.Y. 2004) ..................................................................................12

*SEC v. Arthur Young & Co.*,
  590 F.2d 785 (9th Cir. 1979) .................................................................................................8

*Va. Bankshares, Inc. v. Sandberg*,
  501 U.S. 1083 (1991) ....................................................................................................10, 11

*Varela v. Gonzales*,
  773 F.3d 704 (5th Cir. 2014) .......................................................................................6–7, 14

**RULES AND STATUTES**

15 U.S.C. § 77(k) .......................................................................1, 2, 3, 6, 7, 10, 11, 14, 15

Fed. R. Civ. P. 12(b)(6) ................................................................................................1, 2, 6

**OTHER AUTHORITIES**

Public Company Accounting Oversight Board Standards ..............................................................3

SEC Release Nos. 33-8221; 34-47743, Comm'n Statement of Policy Reaffirming the Status of the FASB as a Designated Private-Sector Standard Setter (April 25, 2003) .......................................................................................................................................3

Defendant UHY LLP ("UHY") files this Motion to Dismiss Amended Complaint and Brief in Support ("Motion") pursuant to FED. R. CIV. P. 12(b)(6), and respectfully requests that the Court dismiss the sole claim alleged against UHY in Plaintiffs' Consolidated Amended Class Action Complaint ("Amended Complaint"), Count I.

## I. SUMMARY OF THE ARGUMENT

UHY is not listed in the caption and is rarely mentioned in the body of the Amended Complaint. The minimal allegations against UHY—a public accounting firm—do not state a claim for relief.

Plaintiffs' Amended Complaint, like its prior Complaint, fails to allege any misstatement or omission of material *fact* against UHY, an essential element of a claim under Section 11 of the Securities Act of 1933 ("Securities Act" or "Section 11"). The sole claim asserted against UHY is for violation of Section 11; however, Plaintiffs base their claim against UHY on its audit *opinions* that were incorporated by Global Geophysical Services, Inc. ("GGS") into GGS's December 2013 Registration Statement. Plaintiffs make no allegation that UHY's audit failed to comply in any way with applicable auditing standards; instead, the Amended Complaint merely alleges in conclusory fashion that UHY's opinions were wrong. The issue in this Motion is whether UHY's opinions constitute an actionable misstatement of *fact* under the securities laws.

Opinions that turn out to be incorrect, standing alone, are not actionable. Much more is required to state a Section 11 claim. The Fifth Circuit and almost every other sister circuit and district court have held that opinions are actionable under the federal securities laws *only* if they are both (1) false and (2) not honestly believed by the defendant when made. The Amended Complaint here does not address the second prong of this requirement and only makes conclusory allegations as to the first one.

Plaintiffs' allegations that the GGS 2009–2012 financial statements were misstated and later restated to comply with generally accepted accounting principles ("GAAP") does not state a claim against the auditor UHY. The case law is clear that the company's management—not the auditor—is responsible for compliance with GAAP. UHY's audit reports also expressly disclosed the separation of responsibilities, stating that (i) GGS management was responsible for the financial statements and internal controls and (ii) UHY was responsible for expressing opinions on such financial statements and internal controls based on an audit performed in accordance with the standards of the Public Company Accounting Oversight Board ("PCAOB"). The Complaint is devoid of any allegations that UHY failed to comply with standards of the PCAOB, what procedures UHY performed or failed to perform, any information UHY obtained during the audit, or even how a reasonable auditor would have performed the audit to comply with PCAOB standards. Without any factual allegations about UHY's audit, the Amended Complaint here fails to allege that UHY's opinions were not honestly believed or constitute misstatements of *fact*.

The facts alleged in the Amended Complaint—already twice amended—cannot plausibly support a claim against UHY for violation of Section 11 of the Securities Act; therefore, the Court should dismiss Plaintiffs' Amended Complaint with prejudice.

## II.   NATURE AND STAGE OF PROCEEDINGS

Plaintiffs allege a single claim in Count I of the Amended Complaint against UHY under Section 11 of the Securities Act. 15 U.S.C. § 77k. This Rule 12(b)(6) Motion is filed prior to any answer or discovery, seeking to dismiss Plaintiffs' claim against UHY at the pleadings stage.

### III. FACTS

Plaintiffs' Amended Complaint fails to allege that Defendant UHY misstated any material fact; rather, the Amended Complaint bases its Section 11 claim against UHY in Count I solely on UHY's audit opinions.

UHY is a public accounting firm that served as auditor for GGS since at least 2009. (Am. Compl. ¶ 39, ECF No. 91.) When GGS was preparing its Registration Statement for the preferred stock at issue in the Section 11 claim, UHY consented to GGS incorporating by reference UHY's previous reports from the GGS 2012 Form 10-K (collectively, the "<u>UHY 2012 Audit Reports</u>"), which contained: (i) UHY's audit opinion as to the consolidated financial statements of GGS for 2010 through 2012; and (ii) UHY's opinion on the effectiveness of GGS's internal control over financial reporting as of December 31, 2012. (*Id*. ¶¶ 39, 46, 119, 145[1].) The Amended Complaint now includes the full-text of the UHY 2012 Audit Reports. (*Id.* ¶¶ 119, 145.)

The only factual statements contained in the UHY 2012 Audit Reports are: (1) that UHY audited GGS's 2010–2012 financial statements and specified internal controls as of December 31, 2012 in accordance with the PCAOB standards, and (2) that GGS's management was responsible for the content of such financial statements and for maintaining those internal controls. (*Id.*) Plaintiffs do *not* contest the veracity of either of these factual statements—i.e., nothing is mentioned regarding the applicable PCAOB standards[2] governing UHY's audit, what

---

[1] The Amended Complaint contains two paragraphs that are both numbered 145. Any citations herein to paragraph 145 refer to UHY's Report of Independent Registered Public Accounting Firm as contained at pages 35–36 of the Amended Complaint.

[2] The standards for the PCAOB are different than Generally Accepted Accounting Principles (GAAP). The PCAOB standards define what *auditors* are supposed to do when conducting an audit of a public company; whereas, GAAP governs how a *company* reports its financial statements. *See* Public Company Accounting Oversight Board Standards (available at http://pcaobus.org/Standards/Pages/default.aspx); SEC Release Nos. 33-8221; 34-47743, Comm'n Statement of Policy Reaffirming the Status of the FASB as a Designated Private-Sector Standard Setter (April 25, 2003) (available at http://www.sec.gov/rules/policy/33-8221.htm).

UHY did during its audit, whether UHY's audit failed to comply with such professional auditing standards, how any such failure led to the alleged errors in GGS's financial statements or to UHY not discovering any internal control deficiency at GGS, or the responsibility expressly allocated to GGS's management for such financial statements and internal controls. Specifically, the Amended Complaint does not address or challenge the expressly stated basis for UHY's opinions—that it conducted its audit in accordance with the PCAOB standards and believed that such audit provided a reasonable basis for its opinions. (*Id.* ¶¶ 119, 145.)

All other statements in the UHY 2012 Audit Reports—and what the Amended Complaint alleges were false—constitute UHY's *opinions*:

> . . . The Company's management is responsible for these consolidated financial statements. **Our responsibility is to express an opinion** on these consolidated financial statements based on our audits. . . . We *conducted our audits in accordance with the standards of the [PCAOB]*. . . . We believe that our audits form a reasonable basis for our opinion.
>
> \*   \*   \*
>
> **In our opinion,** the consolidated financial statements referred to above present fairly, in all material respects, the consolidated financial position of [GGS] and Subsidiaries as of December 31, 2012 and 2011, and the consolidated results of their operations and their cash flows for each of the years in the three-year period ending December 31, 2012, in conformity with accounting principles generally accepted in the United States of America ["GAAP"]. . . .

(*Id.* ¶ 119 (emphasis added).)

> We have audited the internal control over financial reporting of [GGS] and Subsidiaries (the "Company") as of December 31, 2012 . . . . We *conducted our audit in accordance with the standards of the [PCAOB]*. . . . We believe that our audits form a reasonable basis for our opinion.
>
> \*   \*   \*
>
> **In our opinion**, [GGS] and Subsidiaries maintained, in all material respects, effective internal control over financial reporting as of December 31, 2012 . . . .

(*Id.* ¶ 145 (emphasis added).)

The Amended Complaint is devoid of any non-conclusory allegation that UHY either did not hold the opinions issued or did not have a basis to support the opinions when issued. The allegation that the GGS financial statements did not comply with GAAP and later were restated is not a factual misstatement by UHY—UHY's report stated those financial statements were the responsibility of GGS's management and that UHY was merely rendering its *opinions* about them. (*Id.* ¶¶ 119, 131–33.) Plaintiffs made no attempt to specify any reasons why UHY's opinions allegedly were false or misleading in light of the audits UHY performed or the evidence obtained, but instead alleges only that the opinions turned out to be incorrect.

The Amended Complaint's conclusory allegations that UHY's audit reports constituted a "certification" of GGS's financial statements and internal controls do not add any facts to the claims against UHY. (*Id.* ¶¶ 39, 46, 119, 145.) The actual wording from UHY's reports is quoted in full in the Amended Complaint and does not contain the conclusory terms "certification" or "certifying." (*Id.* ¶¶ 119, 145.) Rather, UHY disclosed that its audit involved "examining, on a test basis, evidence supporting the amounts and disclosures" in GGS's financial statements to obtain "reasonable assurance" as to whether: (a) the GGS financial statements were free of material misstatement; and (b) GGS maintained effective internal control over financial reporting "in all material respects" as of December 31, 2012—almost a year before GGS filed the Registration Statement at issue. (*Id.*)

Plaintiffs' allegations that GGS's management engaged in seven different "one-time trick[s]" to address its liquidity issues likewise do not apply to UHY. (*Id.* ¶¶ 82–114) Only one of those "tricks" occurred prior to the UHY 2012 Audit Reports—the March 2012 Senior Notes—and GGS fully disclosed those Senior Notes in the GGS 2012 financial statements (upon which UHY opined). (*Id.* ¶¶ 82–114, 119, 145.)

## IV. ISSUE AND STANDARD OF REVIEW

The sole issue in this Motion is whether the Amended Complaint alleged a false or misleading statement of material *fact* by UHY in the Registration Statement that was filed and issued by GGS in December 2013. *See* 15 U.S.C. § 77k(a) (requiring an untrue or misleading statement of material fact).

Motions to dismiss Section 11 claims are governed by Rule 12(b)(6), which authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). While the Court must accept as true all well-pleaded facts in the complaint, dismissal of a complaint is warranted if the complaint lacks an allegation regarding an element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

To survive dismissal, Plaintiffs must plead facts sufficient to state a claim for relief that is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*"). The plausibility standard is not a "probability requirement," but instead requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Thus, where a complaint merely pleads facts that are consistent with a defendant's liability, it "stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Moreover, a party may not rely on conclusory allegations. Only well pleaded allegations of fact are taken as true, the Court "need not accept . . . conclusory allegations as true." *Varela v.*

*Gonzales*, 773 F.3d 704, 710 (5th Cir. 2014) (citing *Iqbal*, 556 U.S. at 679). Plaintiffs' obligation to provide the "grounds" of their claim for relief requires Plaintiffs to come forward with more than labels and conclusions; "threadbare" or formulaic recitation of the "elements of a cause of action," supported by mere conclusory statements, will not suffice. *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). In addition, the Court should not accept as true any legal conclusions included in a complaint. *Id.* A complaint must contain "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Considering only well-pleaded facts, if Plaintiffs do nothing more than raise the mere possibility of misconduct, their suit should be dismissed. *Id.*

When evaluated under these standards, as it must, Plaintiffs' Amended Complaint fails to include sufficient factual allegations to state a plausible claim for relief against UHY based on Section 11 of the Securities Act.

## V. ARGUMENTS AND AUTHORITIES

Plaintiffs' allegations regarding UHY's opinions do not allege a viable cause of action. To state a claim under Section 11, Plaintiffs must allege facts that UHY made an untrue or misleading statement of material ***fact*** in GGS's 2013 Registration Statement. *See* 15 U.S.C. § 77(k) (emphasis added); *see also In re Fleming Cos., Inc. Sec. & Derivative Litig.*, No. CIVA503MD1530TJW, 2004 WL 5278716, at *45 (E.D. Tex. June 16, 2004) (Section 11 allegation requires factual allegations that "a registration statement . . . contains an untrue statement of a material *fact* required to be stated therein or necessary to make the statements therein not misleading . . . ." (citation omitted; emphasis added)). As set forth below, the Amended Complaint here alleges no factual misstatements by UHY and falls well-short of satisfying the pleading standards for a Section 11 claim based on UHY's opinions.

## A. The Entire Claim Against UHY Is Based on Its Opinions.

Plaintiffs' entire claim against UHY is based on UHY's opinions contained in the UHY 2012 Audit Reports (that were incorporated almost a year later into the GGS 2013 Registration Statement). The opinions at issue are: (1) UHY's "audit opinion covering fiscal years 2010 through 2012;" and (2) UHY's opinion regarding "GGS's internal control over financial reporting as of December 31, 2012." (Am. Compl. ¶¶ 39, 119, 145, ECF No. 91.) The UHY 2012 Audit Reports themselves expressly state they are reporting UHY's "opinions." (*Id.* ¶¶ 119, 145.)

The Amended Complaint's use of the conclusory label "certification" does not appear in the UHY 2012 Audit Reports (as quoted in full in the Amended Complaint) and does not alter the fact that Plaintiffs' claim is based solely on opinions issued by UHY. *See Iqbal*, 556 U.S. at 678 (labels and conclusions insufficient to state a claim); *Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*, 454 F.3d 1168, 1173–74 (10th Cir. 2006) (disregarding similar characterizations of audit opinions as a "certificate" or "guarantee" of the company's financial statements); *SEC v. Arthur Young & Co.*, 590 F.2d 785, 788–89 (9th Cir. 1979) (holding "an accountant is not a guarantor of the reports he prepares and is only duty bound to act honestly, in good faith and with reasonable care" (internal quotation marks and citation omitted)).[3] Courts addressing language virtually identical to the UHY 2012 Audit Reports have held that auditors' statements regarding (i) compliance with applicable auditing standards and (ii) the company's financial statements being fairly presented (in all material respects) in accordance with GAAP,

---

[3] *See also Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (pleadings that distort actual public statements cannot support a claim for violations of the federal securities laws); *City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 168–69 (3d Cir. 2014) (analyzing actual text of challenged press release to reject plaintiffs' allegation that was "based on a selective reading of that document"); *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1125 (E.D. Wash. 2013) (analyzing actual text of challenged statements to reject plaintiffs' allegation that bank blamed extraneous economic factors for poor financial results; "Plaintiff cites no statement where Defendants actually uses those words or words with comparable meaning.").

inherently constitute the auditors' opinions. *See In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 302–03 (S.D.N.Y. 2011) (citations omitted) ("*Lehman Bros.*"); *Deephaven Private Placement Trading*, 454 F.3d at 1175–76. Moreover, an audit opinion is different from a statement of fact or an opinion by the registrant, because the registrant's management (rather than the auditor) is responsible for the information contained in the registrant's financial statements, its underlying accounting policies and compliance with GAAP. *See Dronsejko v. Grant Thornton*, 632 F.3d 658, 663 (10th Cir. 2011). Unlike the registrant, the auditor is an outsider who independently samples a portion of the information of the registrant to form the basis for an audit opinion as to the registrant's financial statements. *See Lehman Bros.*, 799 F. Supp. 2d at 298–99; *see also* Am. Compl. ¶¶ 119, 145, ECF No. 91.

The Amended Complaint's only allegation related to factual statements by UHY—that it performed its audit according to the PCAOB standards and that GGS's management was responsible for the financial statements and GGS's internal controls—is not alleged to be untrue in any way. (*See* Am. Compl. ¶¶ 119, 145, ECF No. 91.) Plaintiffs do not contest the veracity of either of these factual statements; i.e., the Amended Complaint makes no attempt to allege any facts related to UHY's compliance with the PCAOB standards, UHY's audit procedures or information obtained therefrom, GGS's responsibility for its own internal controls, or any other statement of fact by UHY.

The focus of Plaintiffs' allegations is whether GGS's financial statements complied with GAAP and whether GGS's internal control was effective—both issues about which UHY rendered its *opinions*. (Am. Compl. ¶¶ 39, 119, 124, 131–33, 145, 187–88, ECF No. 91.) All statements in the UHY 2012 Audit Reports about which Plaintiffs complain constitute UHY's

*opinions*. As set forth below, the Amended Complaint falls well short of satisfying the pleading standards for a Section 11 claim based on UHY's audit opinions.

> B. **Opinions—Even if Erroneous—Do Not Constitute a False or Misleading Statement of "Fact" Unless Both (1) False and (2) Not Honestly Believed When Made.**

The requirement of a false or misleading statement of "fact" conveys an element of certainty. *See* 15 U.S.C. § 77(k). Opinions and beliefs, by contrast, are inherently subjective assessments. The only "fact" conveyed by a statement of opinion or belief is the fact that the speaker held the stated belief. *See Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1095 (1991). It naturally follows that such a statement can be "untrue" as to a "material fact" only if the speaker did not actually hold the stated belief.

Following *Virginia Bankshares*, the Fifth Circuit held that, for a statement of ***opinion*** to constitute a false or misleading statement of ***fact*** under the federal securities laws, the complaint must allege that the opinion was both (1) false and (2) not honestly believed when made. *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 670 (5th Cir. 2004) (requiring both elements for a statement of opinion to be actionable as a statement of fact under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934).[4] The Tenth Circuit recently recognized that "most of the courts of appeal addressing opinion liability in the section 11 context after *Virginia Bankshares* have held proof on both these scores essential to recovery." *MHC Mut. Conversion Fund, L.P. v. Sandler O'Neill & Ptrs., L.P.*, 761 F.3d 1109, 1114 (10th Cir. 2014) ("<u>MHC Mut.</u>"); *see also Fait v. Regions Fin. Corp.*, 655 F.3d 105, 113 (2d Cir. 2011) (opinion is not a statement of "fact" under Section 11 without both elements); *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1162 (9th Cir. 2009) (misleading opinions can give rise to a claim under Section 11

---

[4] The same elements apply for a statement of opinion to be actionable under both Section 11 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934. *City of Omaha, Neb. Civilian Emps.' Ret. Sys. v. CBS Corp.*, 679 F.3d 64, 67–68 (2d Cir. 2012) ("<u>City of Omaha</u>").

"only if the complaint alleges with particularity that the statements were both objectively and subjectively false or misleading" (relying on *Va. Bankshares*, 501 U.S. at 1095–96)).[5] The Amended Complaint in this case fails on both elements required in *Greenberg*.

      1.      <u>Plaintiffs Fail to Plead that UHY's Opinions Were Subjectively False</u>.

As a threshold matter, in the Fifth Circuit, Plaintiffs must plead that UHY's audit opinions were subjectively false—i.e., that UHY did not truly believe the opinions at the time they were made. *See Greenberg*, 364 F.3d at 670; *see also Fait*, 655 F.3d at 113, and other cases cited *supra* note 5. Here, Plaintiffs have failed to allege "any plausible allegations in their complaint suggesting that" UHY knew the statements to be untrue when they were made. *See MHC Mut.*, 761 F.3d at 1114. Plaintiffs have not alleged—even generally—that UHY did not believe the audit opinions set forth in the UHY 2012 Audit Reports. This alone compels dismissal of Plaintiffs' Section 11 claims based on UHY's opinions. *See Greenberg*, 364 F.3d at 670; *Fait*, 655 F.3d at 112.

Plaintiffs cannot remedy their pleading deficiency simply by asserting a conclusion that the auditors did not have "reasonable grounds" to believe the opinions issued. *See* Am. Compl. ¶ 188, ECF No. 91. Plaintiffs must plead facts showing that UHY did not actually believe its audit opinions. *See City of Omaha,* 679 F.3d at 67–69 (plaintiffs must plead more than "conclusory allegations that defendants did not believe their statements of opinion"); *In re Enron*

---

[5] *See also City of Omaha*, 679 F.3d at 68–69 (dismissal appropriate where complaint was "devoid even of conclusory allegations that defendants did not believe in their statements of opinion"); *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 543 F.3d 150, 166 (3d Cir. 2008) ("in the context of a claim alleging falsely-held opinions or beliefs, investors must have sufficient information to suspect that the defendants engaged in culpable activity, i.e., that they did not hold those opinions or beliefs in earnest"); *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 315 (4th Cir. 2004) ("In order to plead that an opinion is a false factual statement under *Virginia Bankshares*, the complaint must allege that the opinion expressed was different from the opinion actually held by the speaker"); *In re Deutsche Bank AG Sec. Litig.*, No. 09 Civ. 1714 (DAB), 2012 WL 3297730, at *2 (S.D.N.Y. Aug. 10, 2012) (dismissing claim based on valuations that were a matter of opinion when no allegation asserted that defendants did not honestly believe the valuations when made). The only circuit that has not followed *Virginia Bankshares* in the Section 11 context was the Sixth Circuit in a case that did not involve an audit opinion, and that decision is now under review by the Supreme Court. *See Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 719 F.3d 498 (6th Cir. 2013), *cert. granted*, 134 S. Ct. 1490 (Mar. 3, 2014).

*Corp. Sec.*, 465 F. Supp. 2d 687, 724 (S.D. Tex. 2006) (Harmon, J.) (allegations a speaker did not hold the opinion issued "must be pled with specificity"); *In re Salomon Analyst Level 3 Litig.*, 350 F. Supp. 2d 477, 493 (S.D.N.Y. 2004) (rejecting "conclusory assertions" that the opinion stated was not the opinion held). Plaintiffs have made no such allegations here, and thus fail to plead that UHY's audit opinions were subjectively false when made. Like the complaints in *Greenberg* and *Fait*, because the Amended Complaint in this case "does not plausibly allege subjective falsity," it fails to state a claim and should be dismissed. *Fait*, 655 F.3d at 113; *see Greenberg*, 364 F.3d at 670.

### 2. Plaintiffs Fail to Plead that UHY's Opinions Were Objectively False.

The Amended Complaint also fails to plead the other prong under *Greenberg* and *Fait* to assert a claim under the securities laws—i.e., objective falsity of UHY's opinions. *See Greenberg*, 364 F.3d at 670; *Fait*, 655 F.3d at 113. Plaintiffs allege in conclusory terms that UHY is liable for its opinions because there were false statements in the GGS financial statements and that its internal controls were not effective. (Am. Compl. ¶ 131, ECF No. 91.) However, such conclusory assertions do not plead objective falsity as to UHY's 2012 Audit Reports for several reasons.

First, Plaintiffs' allegation that GGS restated its financial statements does not plead objective falsity with respect to UHY's opinions. (*Id.* ¶¶ 13, 131–33.) "A company's management—not the auditor—is responsible for the information contained in its financial statements and the propriety of its underlying accounting policies, including compliance with GAAP." *Dronsejko*, 632 F.3d at 663 (noting that an auditor is responsible for the opinions contained in its audit reports). In fact, the UHY audit opinion states just that:

> The Company's management is responsible for these consolidated financial statements. Our responsibility is to express an opinion on these consolidated financial statements based on our audits.

(Am. Compl. ¶ 119, ECF No. 91.) The Tenth Circuit has recognized the critical difference that "auditors do not 'certify' a company's financial statements in the sense that they 'guarantee' or 'insure' them. Nor do they, by virtue of auditing a company's financial statements, somehow make or adopt the assertions contained therein." *Deephaven Private Placement Trading*, 454 F.3d at 1171 (internal citations omitted). As a result, a complaint against an auditor must allege more than just that the financial statements contained an error—that objective falsity element is missing from Plaintiffs' Amended Complaint here.

Second, the Amended Complaint contains no allegation to challenge the basis for UHY's opinion—that its audit was performed according to PCAOB auditing standards. Plaintiffs do not identify, even in general terms, any PCAOB auditing procedures that UHY failed to perform. The *Lehman Bros.* opinion cautions that courts must "look carefully at precisely what the [operative complaint] alleges was wrong with the [audit] opinion . . . in order to determine whether [the auditor's] statement that it had conducted a [standards]-compliant audit may be understood as 'false.'" *Lehman Bros.*, 799 F. Supp. 2d at 300. Because an audit opinion involves an auditor complying with broad standards, "more is necessary to make out a claim that the statement of opinion was false than a quarrel with whether these standards have been satisfied." *Id.* at 300–01. As in *Lehman Bros.*, the Amended Complaint here does not allege that UHY failed to comply with the auditing standards (of the PCAOB, per UHY's report), or how UHY's audit opinion would have changed based on the performance of any other procedures required by the PCAOB.

**Third**, Plaintiffs' general allegations regarding insufficient internal control at GGS also do not allege objective falsity of UHY's opinion regarding GGS's internal control over financial reporting as of December 31, 2012. The Amended Complaint is devoid of any specific facts as to what internal control was ineffective in December 2012 (almost a year before the Registration Statement at issue), what PCAOB standard related to auditing internal controls was not met by UHY, or the reason why UHY's opinion regarding the 2012 internal control over financial reporting was false or misleading in light of the PCAOB audit performed. (*See* Am. Compl. ¶¶ 145, ECF No. 91.) Without any specific facts as to UHY's audit other than its report, the conclusory assertions regarding UHY's internal control opinion cannot support an actionable Section 11 claim.

Because the Amended Complaint fails to allege both objective and subjective falsity with respect to UHY's opinions, it fails to state a claim against UHY and should be dismissed. *See Greenberg*, 364 F.3d at 670; *Fait*, 655 F.3d at 113.

>   3. Amended Complaint Also Fails to Allege Lack of Basis for UHY's Opinions.

Even if the Court applied a reasonableness test to UHY's opinions—which is not followed in the Fifth Circuit—the Amended Complaint does not allege a Section 11 claim against UHY. A few courts in other jurisdictions that have applied such a test to auditor opinions require that a complaint allege "facts that, if true, would permit a conclusion that [the auditor] either *did not in fact hold that opinion* or *knew that it had no reasonable basis* for it." *Lehman Bros.*, 799 F. Supp. 2d at 302 (emphasis added) (citing *Deephaven Private Placement Trading*, 454 F.3d at 1175–76). The Amended Complaint here (as in *Lehman Bros.*) does not allege any non-conclusory facts to question the basis of UHY's audit opinions. *See Lehman Bros.*, 799 F. Supp. 2d at 303. A single conclusory allegation that "Defendants" did not make a "reasonable

investigation" or possess "reasonable grounds" to believe "the statements contained in the Registration Statement" does not allege a known or reckless lack of basis for UHY's opinions as required by *Lehman Brothers* and *Dronsejko*. Am. Compl. ¶ 188, ECF No. 91; *See Lehman Bros.*, 799 F. Supp. 2d at 303; *Dronsejko*, 632 F.3d at 663 (requiring knowing or reckless lack of basis for opinions); *see also Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555) (threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice); *Varela*, 773 F.3d at 710 (conclusory allegations are not admitted as true).

The Amended Complaint does not comply with Fifth Circuit and other precedent for alleging a Section 11 claim based on UHY's audit opinions.

## VI. CONCLUSION

UHY was omitted from the style of the Amended Complaint, and the Amended Complaint omitted all facts regarding UHY's audit other than the language contained in the UHY 2012 Audit Reports. As a result, for the foregoing reasons and the additional reasons set forth in the other defendants' briefs, the Amended Complaint fails to state a claim against UHY under Section 11 of the Securities Act. Defendant UHY prays that all claims against it in Plaintiffs' Amended Complaint be dismissed, with prejudice, and that Defendant UHY be awarded all other relief that is just and proper.

Dated: February 27, 2015                    Respectfully submitted,

                                            By: */s/ Karl G. Dial*
                                                Karl G. Dial
                                                Texas Bar No. 05800400
                                                Southern District No. 6884
                                                karl.dial@dlapiper.com
                                                Casey L. Moore
                                                Texas Bar No. 24055997
                                                Southern District No. 957592
                                                casey.moore@dlapiper.com
                                                DLA PIPER LLP (US)
                                                1717 Main Street, Suite 4600
                                                Dallas, Texas 75201
                                                Telephone: (214) 743-4500
                                                Fax: (972) 813-6275

OF COUNSEL:                                     Christina Ponig
                                                Texas Bar No. 24041706
Lawrence A. Wojcik                              Southern District No. 600217
(Admitted *pro hac vice*)                       christina.ponig@dlapiper.com
lawrence.wojcik@dlapiper.com                    Grayson Stratton
DLA PIPER LLP (US)                              Texas Bar No. 24075443
203 N. LaSalle Street, Suite 1900               Southern District No. 1232831
Chicago, IL 60601                               gray.stratton@dlapiper.com
Telephone: (312) 368-4000                       DLA PIPER LLP (US)
Fax: (312) 236-7156                             1000 Louisiana Street
                                                Suite 2800
                                                Houston, TX 77002-5005
                                                P: (713) 425-8400
                                                F: (713) 425-8401

                                                ATTORNEYS FOR DEFENDANT UHY LLP

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2015, a true and correct copy of the foregoing document was served via the Court's ECF system upon all counsel of record that are registered ECF users.

                                            */s/ Karl G. Dial*
                                            Karl G. Dial

**DEFENDANT UHY LLP'S MOTION TO DISMISS**
**AMENDED COMPLAINT AND BRIEF IN SUPPORT**
EAST\93348702.4                             16