UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITT MILLER AND BRET GOULD, Individually and on Behalf of All Other Persons Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 4:14-cv-00708 |
| GLOBAL GEOPHYSICAL SERVICES, INC., et al., | § § § | |
| Defendants. | § § | |

## DEFENDANT UHY LLP'S REPLY IN SUPPORT OF MOTION TO DISMISS

Karl G. Dial
Texas Bar No. 05800400
Southern District No. 6884
karl.dial@dlapiper.com
Casey Lee Moore
Texas Bar No. 24055997
Southern District No. 957592
casey.moore@dlapiper.com
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4500
Fax: (972) 813-6275

Lawrence A. Wojcik
(Admitted *pro hac vice*)
lawrence.wojcik@dlapiper.com
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
Telephone: (312) 368-4000
Fax: (312) 236-7156

Christina Ponig
Texas Bar No. 24041706
Southern District No. 600217
christina.ponig@dlapiper.com
Grayson Stratton
Texas Bar No. 24075443
Southern District No. 1232831
gray.stratton@dlapiper.com
DLA PIPER LLP (US)
1000 Louisiana Street
Suite 2800
Houston, TX 77002-5005
P: (713) 425-8400
F: (713) 425-8401

ATTORNEYS FOR DEFENDANT UHY LLP

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................................1

II. *OMNICARE* REQUIRES DISMISSAL OF THE AMENDED COMPLAINT ...................2

    A.     *Omnicare* Applies To UHY's Statements Of Opinion ............................................2

    B.     The Amended Complaint Does Not Plead That UHY's Audit Opinions Were False Statements Of Material Fact ................................................................7

    C.     The Amended Complaint Does Not Plead That UHY's Audit Opinions Were Misleading By Omission........................................................................7

III. CONCLUSION................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Data Access Sys. Sec. Litig.*,
    103 F.R.D. 130 (D.N.J. 1984)..................................................................................................7

*Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.*,
    454 F.3d 1168 (10th Cir. 2006) ...........................................................................................5, 7

*Dutton v. Harris Stratex Networks, Inc.*,
    270 F.R.D. 171 (D. Del. 2010). ...............................................................................................7

*Endo v. Arthur Andersen & Co., S.C.*,
    163 F.3d 463 (7th Cir. 1999) ...................................................................................................7

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    235 F. Supp. 2d 549 (S.D. Tex. 2002). ...................................................................................6

*Escott v. BarChris Constr. Corp.*,
    283 F. Supp. 643 (S.D.N.Y. 1968) .........................................................................................6

*In re Global Crossing, Ltd. Sec. Litig.*,
    322 F. Supp. 2d 319 (S.D.N.Y. 2004).....................................................................................6

*In re Lehman Bros. Sec. & ERISA Litig.*,
    799 F. Supp. 2d 258 (S.D.N.Y. 2011)..................................................................................6–7

*Omnicare, Inc., v. Laborers Dist. Council Constr. Ind. Pension Fund*,
    No. 13-435, 575 U.S. __, slip op. (Mar. 24, 2015) ................................................1–6, 8–10

*In re OSG Sec. Litig.*,
    971 F. Supp. 2d 387 (S.D.N.Y. 2013).................................................................................3, 7

*In re S. Pac. Funding Corp. Sec. Litig.*,
    83 F. Supp. 2d 1172 (D. Ore. 1999).......................................................................................7

*Steiner v. Southmark Corp.*,
    734 F. Supp. 269 (N.D. Tex. 1990) ........................................................................................7

*In re Wachovia Equity Sec. Litig.*,
    753 F. Supp. 2d 326 (S.D.N.Y. 2011).....................................................................................7

*In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*,
    259 F.R.D. 490 (S.D.N.Y. 2009) ............................................................................................7

*In re WorldCom, Inc. Sec. Litig.*,
    352 F. Supp. 2d 472 (S.D.N.Y. 2005).....................................................................................6

# TABLE OF AUTHORITIES
(Continued)

**Page(s)**

*Yang v. Tibet Pharms., Inc.*,
 No. CIV. 14-3538 FSH, 2015 WL 730036 (D.N.J. Feb. 20, 2015) ...................................... 6

**STATUTES AND RULES**

15 U.S.C. § 77k(a) .............................................................................................. 1, 3–6, 8–9

Fed. R. Civ. P. 9(b) .......................................................................................................... 9

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1

Defendant UHY LLP ("UHY") respectfully submits this Reply in further support of its Motion to Dismiss Amended Complaint and Brief in Support [ECF No. 92] (the "Motion").

## I.    INTRODUCTION

UHY's Motion urged the Court to dismiss Plaintiffs' claims based on UHY's opinions for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The day after Plaintiffs filed their Opposition to the Motion,[1] the United States Supreme Court issued its opinion in *Omnicare, Inc., v. Laborers Dist. Council Constr. Ind. Pension Fund* ("*Omnicare*"),[2] which provides additional controlling guidance and strongly supports UHY's Motion. *Omnicare* applied the following standards to claims based on statements of opinion under Section 11 of the Securities Act of 1933 ("Securities Act" or "Section 11")—the only basis upon which Plaintiffs sue UHY:

1. A statement of opinion does <u>not</u> constitute an untrue statement of fact, as required by Section 11, unless the defendant did not honestly hold the opinion issued. Pure statements of opinion that turn out to be wrong "will not give rise to liability under §11's first clause because . . . a sincere statement of ***pure opinion is not an 'untrue statement of material <u>fact</u>***,' regardless whether an investor can ultimately prove the belief wrong."[3]

2. A statement of opinion may be an actionable claim under Section 11's omissions clause, but only if a plaintiff "identif[ies] particular (and material) facts going to the basis of the . . . opinion—facts about the inquiry the [speaker] did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context."[4]

---

[1] References to Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss [ECF No. 97] will be referred to as "Opposition" and cited as "Opp. at ___." Plaintiffs' Consolidated Amended Class Action Complaint for Violation of Securities Laws is referred to as the "Amended Complaint" and cited as "Am. Compl. ¶ __, ECF No. 91." Other capitalized terms will have the same meaning as those set forth in Defendant UHY's Motion unless otherwise defined herein.

[2] No. 13-435, 575 U.S. __, slip op. at 1 (Mar. 24, 2015).

[3] *Id.* at 9.

[4] *Id.* at 18.

Here, Plaintiffs' Amended Complaint fails to allege <u>either</u> of these bases for liability. Thus, the Supreme Court's opinion further supports dismissal of Plaintiffs' allegations against UHY and refutes the arguments in Plaintiffs' Opposition.

The only statements at issue made by UHY in the Registration Statement expressly were stated to be its audit *opinions*—that was the word UHY used—regarding GGS's financial statements and internal controls. UHY did not use the word "certified" (or similar terms) with respect to GGS's financial statements or internal controls; instead, UHY stated in its Audit Reports that it had conducted audits in accordance with the PCAOB standards and that its opinions were based on those audits.[5] The *Omnicare* opinion makes clear that the language and words used matter, and words conveying an opinion are actionable only in limited circumstances not present here. Specifically, Plaintiffs' Amended Complaint fails to allege either basis upon which a statement of opinion may be actionable under *Omnicare*—i.e., that UHY did not believe its opinions; that specific facts exist about what UHY did (or did not) do in its audits to call into question the basis of its opinions; or that UHY had knowledge of material facts that contradicted its opinions. *Omnicare* explicitly rejected the type of conclusory assertions of a lack of a reasonable basis for an opinion that the Opposition cites in lieu of specific factual allegations.[6] *Omnicare*—not the district and circuit court opinions Plaintiffs cited—controls this analysis and confirms that UHY's Motion was correct.

---

[5] Motion at 2, 3–4, 9.
[6] *Omnicare*, slip op at 19.

## II. *OMNICARE* REQUIRES DISMISSAL OF THE AMENDED COMPLAINT

The two prongs in *Omnicare* apply to Plaintiffs' claims against UHY as set forth below:

### A. *Omnicare* Applies To UHY's Statements Of Opinion.

Plaintiffs' allegations against UHY are based entirely on UHY's opinions contained in the UHY 2012 Audit Reports (that were incorporated almost a year later into the GGS 2013 Registration Statement). The only UHY opinions at issue are: (1) UHY's audit opinion covering GGS's financial statements for fiscal years 2010 through 2012; and (2) UHY's opinion regarding GGS's "internal control over financial reporting as of December 31, 2012[.]"[7] UHY explicitly stated that these were its **opinions** (and used that word). As a result, the *Omnicare* decision—which specifically addresses what must be pleaded in order to state a Section 11 claim based on a statement of opinion—controls and governs this Motion.

Plaintiffs, however, assert that UHY improperly attempted to insulate itself from Section 11 liability by expressing its statements about GGS's financial statements and internal controls as its audit opinions. In Plaintiffs' view, based on their reading of *In re OSG Sec. Litig.*[8] ("*OSG*"), the use of the word "opinion" is a mere semantic choice without significance to Section 11 liability and is somehow nefarious. Indeed, Plaintiffs go so far as to accuse UHY of "thumb[ing] its nose at Congress[.]"[9]

*Omnicare* refutes Plaintiffs' argument and the cases on which it is based. In its decision, the Supreme Court articulated the genuine and meaningful distinction between statements of fact and statements of opinion—i.e., the first prong of Section 11(a) applies to a "statement of

---
[7] Am. Compl. ¶¶ 39, 119, 145, ECF No. 91.
[8] 971 F. Supp. 2d 387, 399–400 (S.D.N.Y. 2013).
[9] *See* Opp. at 40–41.

material fact," whereas the second prong uses the word "statements" generically.[10] This difference in wording, according to the Supreme Court, creates a fundamental distinction between statements of fact and statements of something other than fact (i.e., opinions) for purposes of Section 11 liability. The Court's rationale was simple: "Most important, a statement of fact ('the coffee is hot') expresses certainty about a thing, whereas a statement of opinion ('I think the coffee is hot') does not."[11] When reading a document, like a registration statement, an investor clearly distinguishes between statements of opinion and statements of fact.[12]

*Omnicare*'s analysis of this opinion-versus-fact distinction in Section 11 squarely applies to Plaintiffs' claims against UHY. Plaintiffs' allegations against UHY are based entirely on UHY's **opinions**; therefore, under *Omnicare* Plaintiffs were required to allege—but did not— that UHY did not hold the opinions issued or that its supporting facts were untrue.

Plaintiffs, nevertheless, attempt to avoid a dismissal by contending that UHY actually "certified" GGS's financial statements and internal controls[13]—even though UHY did not use that word—such that UHY became responsible for their objective truth. Again, *Omnicare* refutes Plaintiffs' argument. As noted above, the Supreme Court characterized statements of opinion as beliefs/views and <u>not</u> expressions of certainty. The Court also emphasized that the words accompanying a statement signal to investors whether it is a statement of fact or opinion. Here, there is no allegation in the Amended Complaint that UHY used any language that expressed certainty or certification of GGS's financial statements and internal controls. Rather, UHY unambiguously used the word "opinion" to describe its statements about GGS's financial

---

[10] *See Omnicare*, slip op. at 6 (Congress specifically incorporated this distinction in Section 11's false-statement provision "by exposing issuers to liability not for 'untrue statements' full stop (which would have included ones of opinion), but only for 'untrue statements of . . . *fact*.'").
[11] *Id.*
[12] *Id.* at 11 ("When reading such a document, the investor thus distinguishes between the sentences 'we believe X is true' and 'X is true.'").
[13] Am. Compl. ¶ 39, ECF No. 91.

statements and internal controls.[14]  Plaintiffs cannot distort UHY's opinion language into its opposite—an expression of certainty or guaranty that may become false if it later turns out to be incorrect.  Indeed, *Omnicare* explicitly rejected this argument, as follows:

> In other words, a statement of opinion is not misleading just because external facts show the opinion to be incorrect.  **Reasonable investors do not understand such statements as guarantees**, and §11's omissions clause therefore does not treat them that way.[15]

Plaintiffs' argument misconstrues the language in the statute on which they rely.  Plaintiffs cite to Section 11(a)(4), which includes accountants in the type of persons (along with engineers, appraisers or other professionals) that may be sued for "statement[s] in such registration statement, report, or valuation, which purport[] to have been prepared or certified by him."[16]  UHY, however, did not prepare or certify GGS's financial statements or internal controls.  Rather, it <u>prepared</u> the 2012 Audit Reports—explicitly stating UHY's <u>opinions</u>—and consented to their inclusion in the Registration Statement.

Even before *Omnicare*, courts recognized that certifying financial statements is not what auditors do.[17]  In *Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co.* ("<u>Deephaven</u>"), the Tenth Circuit explained that "**auditors do not '<u>certify</u>' a company's financial statements** in the sense that they 'guarantee' or 'insure' them.  Nor do they, by virtue of auditing a company's financial statements, somehow make or adopt the assertions contained therein."[18]  The fact that *Deephaven* made this statement in the context of a claim under Section 18 of the Exchange Act rather than under Section 11 does not alter the conclusion that auditors

---

[14] Motion at 5 (quoting Am. Compl. ¶¶ 119, 145, ECF No. 91).
[15] *Omnicare*, slip op. at 11 (emphasis added).
[16] 15 U.S.C. § 77k(a)(4).
[17] Motion at 13.
[18] 454 F.3d 1168, 1171 (10th Cir. 2006) (emphasis added) (internal citations omitted).

issue opinions, not certifications.¹⁹  Likewise, *In re Lehman Bros. Sec. & ERISA Litig*. ("*Lehman Brothers*") held in the context of a Section 11 claim that an auditor's

> opinion, just like those rendered by all or substantially all accounting firms, is explicitly labeled as just that—an opinion that the audit complied with the[] broadly stated [professional] standards—more is necessary to make out a claim that the statement of opinion was false than a quarrel with whether these standards have been satisfied.²⁰

Plaintiffs assert that the distinguished judge who wrote this opinion must not have been aware of the law,²¹ when in fact he was prescient:  *Omnicare* reasoned that when a statement is explicitly labeled as a belief, investors understand it to be an opinion and not a guarantee.²²

To close the loop, all the cases Plaintiffs cite to characterize an accountant's opinion as a "certification" are now controlled and superseded by *Omnicare*—at least where (as here) an auditor's opinion is expressed as an opinion.  The cases also are inapposite for these additional reasons:

- Unlike the Amended Complaint here, plaintiffs in *In re Enron Corp. Sec., Derivative & ERISA Litig.*²³ and several other district court cases pleaded with specificity factual allegations that the auditors failed to comply with applicable professional standards, contrary to an express statement in their reports.²⁴

- The district court in *In re Global Crossing, Ltd. Sec. Litig.* determined that the auditor actively participated in the illegal transactions that caused the misstatement of the financial statements.²⁵

---

¹⁹ *Cf.* Opp. at 41 (attempting to distinguish *Deephaven* on this basis).
²⁰ 799 F. Supp. 2d 258, 300–01 (S.D.N.Y. 2011).
²¹ Opp. at 42.
²² *Omnicare*, slip op. at 11.
²³ 235 F. Supp. 2d 549, 673–85 (S.D. Tex. 2002).
²⁴ *Yang v. Tibet Pharms., Inc.*, No. CIV. 14-3538 FSH, 2015 WL 730036, at *3 (D.N.J. Feb. 20, 2015) (Plaintiffs alleged more than what Plaintiffs allege here.  Plaintiffs alleged that the auditor failed to "exercise . . . appropriate professional care and judgment" with specific facts to support such allegation including the auditor's failure to "verify basic information within the financial statement against . . . bank statements."  The Amended Complaint here contains no such allegations.); *In re WorldCom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 482–84, 492–93 (S.D.N.Y. 2005) (summary judgment case with existing fact issue regarding whether auditor complied with professional standards—citing numerous examples of auditors' failure to comply with such standards); *Escott v. BarChris Constr. Corp.*, 283 F. Supp. 643, 702–03 (S.D.N.Y. 1968) (finding auditor failed to comply with professional standards).
²⁵ 322 F. Supp. 2d 319, 346–48 (S.D.N.Y. 2004).

- In *Steiner v. Southmark Corp.*, the auditor's report did <u>not</u> expressly state that it was an opinion; rather, the auditor's report "stated it had examined [the company's] financial statements and that the statements fairly presented the financial position and operation of [the company]."[26]

- Several of the cases relied upon by Plaintiffs have nothing to do with whether an auditor's opinion regarding the financial statements is actionable or what an auditor certified.[27]

- Unlike the auditor defendants in *OSG*, UHY here does not contend that its entire audit report is an opinion. UHY acknowledges that each of its 2012 Audit Reports contains an affirmative statement of fact that its audit complied with PCAOB standards. As explained in Section I(C), *infra*, Plaintiffs do not contest this statement. Moreover, *OSG* neither cited nor distinguished *Deephaven* and *Lehman Brothers*.

One of the cases relied upon by Plaintiffs actually supports dismissal. In *Dutton v. Harris Stratex Networks, Inc.*,[28] the district court dismissed a complaint against an auditor, finding the allegation of misstated financial statements insufficient without any allegations of "which standards [the auditor] violated, how the statements made in the audit opinion were false or misleading at the time they were made, what deficiencies existed in the performance of the audit negating a reasonable basis for the opinion, and what aspects of the audit were negligently performed."[29] The Amended Complaint here contains identical deficiencies and should suffer the same fate.

---

[26] 734 F. Supp. 269, 278 (N.D. Tex. 1990); *see also In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 259 F.R.D. 490, 505 (S.D.N.Y. 2009) (not mentioning whether auditor expressed an opinion, but rather finding that auditors expressly "certified the financial statements"); *In re Wachovia Equity Sec. Litig.*, 753 F. Supp. 2d 326, 365, 378–79 (S.D.N.Y. 2011) (same); *In re S. Pac. Funding Corp. Sec. Litig.*, 83 F. Supp. 2d 1172, 1176 (D. Ore. 1999) (not addressing whether the auditor issued an opinion or certification, but stating that the auditor permitted "its . . . financial statements to be republished" with errors contained therein).

[27] *In re Data Access Sys. Sec. Litig.*, 103 F.R.D. 130, 145 (D.N.J. 1984) (class certification opinion; case did not address whether an auditor's opinion constitutes a certification of the financial statements); *Endo v. Arthur Andersen & Co., S.C.*, 163 F.3d 463, 465–66 (7th Cir. 1999) (issue is whether a footnote to the financial statements should have been included in the registration statement, not whether an auditor's opinion constitutes a certification).

[28] 270 F.R.D. 171, 178 (D. Del. 2010).

[29] *Id.* at 177–78.

In sum, the Amended Complaint challenges UHY's audit *opinions* and, hence, must meet the standards of *Omnicare*. As set forth in the remainder of this brief and UHY's Motion, the Amended Complaint falls well-short of those standards mandating dismissal.

### B. The Amended Complaint Does Not Plead That UHY's Audit Opinions Were False Statements Of Material Fact.

To state a Section 11 claim under the first prong of *Omnicare*, Plaintiffs must allege that UHY did not hold the opinions it expressed. As pointed out in UHY's Motion, the Amended Complaint does not even attempt to plead that this was the case.[30] The Opposition does not dispute this—it does not contend that the Amended Complaint includes any allegations that UHY did not believe its audit opinions.

Likewise, the Amended Complaint does not plead that UHY made any false statement of fact, as distinguished from UHY's statements of audit opinion. The Amended Complaint's only allegations of factual statements by UHY are that it performed its audit according to the PCAOB standards and that GGS's management was responsible for the financial statements and GGS's internal controls.[31] As neither statement is alleged to be untrue, these allegations cannot support a Section 11 claim under the first prong of *Omnicare*. As the Supreme Court explained, Section 11 is not "an invitation to Monday morning quarterback" a statement of opinion.[32]

### C. The Amended Complaint Does Not Plead That UHY's Audit Opinions Were Misleading By Omission

*Omnicare* construed the second prong of Section 11(a) to allow an actionable claim in limited circumstances based on a statement of opinion if the statement "omitted to state a material fact required to be stated therein or necessary to make the statements therein not

---

[30] *See* Motion at 5, 11.
[31] *Id.* at 3 (citing Am. Compl. ¶¶ 119, 145, ECF No. 91).
[32] *Omnicare*, slip op. at 9.

misleading . . . ."[33] This omissions clause, however, "is not a general disclosure requirement; it affords a cause of action only when an issuer's failure to include a material fact has rendered a published statement misleading."[34] Moreover, a Section 11 plaintiff <u>cannot</u> plead a misleading-by-omissions claim "***merely by means of conclusory assertions***," even where the heightened pleading standards of Federal Rule of Civil Procedure 9(b) do not apply (as they did not apply in *Omnicare*).[35] In particular, the conclusory allegation that a defendant "lacked 'reasonable grounds for the belief' it stated" is not sufficient to survive dismissal.[36]

Rather, the Supreme Court established the standard for an actionable omissions claim under Section 11 as follows:

> To be specific: The investor ***must identify particular (and material) facts going to the basis for the issuer's opinion***—facts about the inquiry the [speaker] did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context.[37]

The Amended Complaint fails to comply with this requirement. As set forth in UHY's Motion, Plaintiffs only make the conclusory allegation that "Defendants" (generically) did not make "a reasonable investigation or possess[] reasonable grounds for the belief that the statements contained in the Registration Statement were accurate and complete in all material respects."[38] *Omnicare* expressly states that this type of allegation is conclusory and insufficient.[39]

UHY also explained in its Motion that the Amended Complaint did not allege any facts about its inquiry (i.e., its audit procedures) or any knowledge that UHY did or did not have.[40] Plaintiffs' Opposition does not dispute this shortcoming in the Amended Complaint—which

---

[33] *Id.* at 2 (quoting 15 U.S.C. § 77k(a)).
[34] *Id.* at 18.
[35] *Id.* (emphasis added)
[36] *Id.* at 19.
[37] *Id.* at 18 (emphasis added).
[38] Motion at 15 (citing Am. Compl. ¶ 188, ECF No. 91).
[39] *Omnicare*, slip op. at 19.
[40] Motion at 13, 14–15 (citing Am. Compl. ¶ 188, ECF No. 91).

contains no allegations that (1) UHY's basis for its opinions (an audit performed in accordance with PCAOB standards) was untrue or (2) UHY was aware of facts that contradicted its statements of opinion, but failed to disclose them.[41]

Finally, Plaintiffs contend that the absence of allegations that UHY had knowledge of facts contradicting its audit opinion is irrelevant because this issue goes to UHY's state of mind.[42] In Plaintiffs' view, the existence of an affirmative defense for auditors based on their state of mind means that state-of-mind issues can only be raised as a defense—rather than as grounds for dismissal.[43] Yet again, *Omnicare* refutes this argument. The Supreme Court did not limit its decision to issuers—the pleading standard for opinion claims established by *Omnicare* applies to claims brought against any defendant, regardless of whether there is an affirmative defense. If issuers can raise state-of-mind arguments at the pleading stage based on opinion claims (when Congress did not give them a state-of-mind defense), then surely accountants can raise the same state-of-mind arguments at the pleading stage despite the availability of this affirmative defense.

### III. CONCLUSION

For the foregoing reasons and the additional reasons set forth in its Motion, UHY prays that the sole claim against it in Plaintiffs' Amended Complaint be dismissed, with prejudice. Plaintiffs have had multiple opportunities previously to amend their complaint, but repeatedly fail to meet their pleading standard against UHY—therefore, Plaintiffs should not be given any further opportunities to replead.

---

[41] *See Omnicare*, slip op. at 11–13.
[42] Opp. at 42.
[43] *See id.*

Dated: March 27, 2015                              Respectfully submitted,

                                                   By: */s/ Karl G. Dial*
                                                       Karl G. Dial
                                                       Texas Bar No. 05800400
                                                       Southern District No. 6884
                                                       karl.dial@dlapiper.com
                                                       Casey L. Moore
                                                       Texas Bar No. 24055997
                                                       Southern District No. 957592
                                                       casey.moore@dlapiper.com
                                                       DLA PIPER LLP (US)
                                                       1717 Main Street, Suite 4600
                                                       Dallas, Texas 75201
                                                       Telephone: (214) 743-4500
                                                       Fax: (972) 813-6275

OF COUNSEL:                                            Christina Ponig
                                                       Texas Bar No. 24041706
Lawrence A. Wojcik                                     Southern District No. 600217
(Admitted *pro hac vice*)                              christina.ponig@dlapiper.com
lawrence.wojcik@dlapiper.com                           Grayson Stratton
DLA PIPER LLP (US)                                     Texas Bar No. 24075443
203 N. LaSalle Street, Suite 1900                      Southern District No. 1232831
Chicago, IL 60601                                      gray.stratton@dlapiper.com
Telephone: (312) 368-4000                              DLA PIPER LLP (US)
Fax: (312) 236-7156                                    1000 Louisiana Street
                                                       Suite 2800
                                                       Houston, TX 77002-5005
                                                       P: (713) 425-8400
                                                       F: (713) 425-8401

                                                       ATTORNEYS FOR DEFENDANT UHY LLP

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2015, a true and correct copy of the foregoing document was served via the Court's ECF system upon all counsel of record that are registered ECF users.

                                                   */s/ Karl G. Dial*
                                                   Karl G. Dial

DEFENDANT UHY LLP'S REPLY IN SUPPORT OF MOTION TO DISMISS
EAST\96898692.3                                                                            Page 11