IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRITT MILLER AND BRET GOULD, on Behalf of Themselves and All Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>vs.<br><br>GLOBAL GEOPHYSICAL SERVICES, INC., *et al.*,<br><br>                  Defendants. | §§§§§§§§§§§§§§ CIVIL ACTION NO. H-14-0708 |

## DEFENDANT RICHARD A. DEGNER'S REPLY IN SUPPORT OF MOTION TO DISMISS

BAKER & HOSTETLER LLP

Marc D. Powers
Jessie M. Gabriel
45 Rockefeller Plaza, 14th Floor
New York, NY 10022
Telephone: (212) 589-4200
Fax: (212) 589-4201

and

Marie L. Carlisle
81 Main Street, Suite 1100
Houston, TX 77002
Telephone: (713) 751-1600
Fax: (713) 751-1717
*Attorneys for Defendant Richard A. Degner*

Defendant Richard A. Degner ("Degner") respectfully submits this Reply in Further Support of his Motion to Dismiss Counts III and IV of the Amended Complaint as they relate to him.

## I.     ARGUMENT

Despite the length of their arguments in the Omnibus Opposition to Defendants' Motions to Dismiss, filed March 23, 2015, the woefully inadequate allegations in Plaintiff's pleading to make out a Section 10(b) and Rule 10b-5 violation pursuant to the Securities Exchange Act of 1934 ("Exchange Act") remain the same.  There are no specific allegations of reckless or intentional wrongdoing by Degner concerning the disclosure of cash liquidity issues at Global Geophysical Services, Inc. ("GGS"), misstatements of net income, nor deficient internal controls over financial reporting.  Nor is it even clear that an alleged Item 303 of Regulation S-K omission is actionable as a Section 10(b) claim.  *See In Re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1056 (9th Cir. 2014).

Importantly, almost all the activities relating to the alleged wrongdoing occurred *after* Degner stepped down as CEO.  Defendant Richard White replaced him in that position in October 2012.  Degner had signed only *one* of three Form 10-Ks which are the subject of the alleged fraudulent misrepresentations.  The last filing he signed was the 2011 Form 10-K for GGS, which was filed *two years* before the March 2014 Restatement and bankruptcy. Accordingly, to the extent Plaintiffs claim some form of causal connection between the bankruptcy and liquidity deficiencies in filings two years earlier, there is a lack of "facial plausibility" to survive dismissal.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Nor do these allegations about 2010-2011 activities at GGS "raise a right to relief above the speculative level."  *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007).  With regard to internal controls,

Plaintiffs have now abandoned any argument that Degner had any scienter, directing their allegations only at Verghese and White. (Pls.' Opp'n 34-35.)

Plaintiffs point to the first of seven "over-time tricks" concerning a $50 million debt offering in or about March 2012 as proof there were material liquidity deficiencies at GGS. However, as the GGS Defendants' Motion to Dismiss Amended Complaint Memorandum of Law ("GGS Memo.") set forth in detail, there were numerous disclosures over the years, including those pre-dating this debt offering, which gave investors due notice that the Company might periodically be in need of capital for its operations. So, after the "first trick", Degner was no longer at the Company, and can not be responsible for any further filings, misrepresentations, or lack of disclosures.

In particular, the 2012 Form 10-K disclosed to investors that GGS "cannot assure.…that we will be able to generate sufficient cash to service our debt…." The Form 10-K further cautioned that "[w]e cannot assure that we will generate sufficient cash flow from operations." (GGS Memo. 4-5.)

It is also worth highlighting that the certifications on internal controls were statements which were reviewed and approved by Defendant UHY LLP (Am. Compl. ¶39.) Also, for reasons that are not clear from the Amended Complaint, UHY apparently conducted another audit in 2014 that led UHY and GGS to conclude that GGS's previous accounting treatments were incorrect and its internal controls materially deficient. (Am. Compl. ¶164-66.) In any event, such earlier assurances by UHY belie any claim that Degner acted with recklessness or intentional misconduct in mind when GGS filed its financial statements. As previously argued in Degner's motion papers, his reliance on UHY exonerates him from liability. *See, e.g., Pipefitters Local No. 636 Defined Ben. Plan v. Zale Corp.* 499 Fed. App'x 345, 350 (5th Cir. 2012)

Degner was not involved in, or at GGS at the time of, the Restatement.  Even were he the restated financial information has an immaterial cumulative effect of reducing GGS's revenue by less than 1% and increasing its operating expenses by less than 3%.  Further, only unrecorded sales and use tax, R&D costs characterization and revenue recognition issues for certain Latin American contracts occurred during Degner's tenure.  These are clearly immaterial amounts of adjustments to net income by $2.1 million in 2011 and $1.2 million in 2012, respectively.

Finally, while conceding in the first sentence of the Preliminary Statement of their Omnibus Opposition that "some of Defendants' statements were forward-looking," Plaintiffs' Amended Complaint fails to adequately address the fact that many, if not all, of the alleged misrepresentations were forward-looking statements protected by the safe harbor of the Private Securities Litigation Reform Act of 1995.  Plaintiff's Omnibus Opposition to Defendants' Motions to Dismiss, Dkt. No. 97 at p.1.  These opinions on the adequacy of GGS's working capital are the kind of opinions covered by the statute.  *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 371-72 (5th Cir. 2004).  In addition, as described in Degner's moving papers, the cautionary language contained in the 2012 Form 10-K places the alleged misrepresentation within the protection of the bespeaks caution doctrine.  *Rubinstein v. Collins*, 20 F.3d 160, 167-68 (5th Cir. 1994); *In Re Browning-Ferris Indus. Inc. Sec. Litig.,* 876 F.Supp. 870, 878-79 (S.D. Tex. 1995).

## II.   CONCLUSION

For the foregoing reasons, and those  previously set forth in Degner's and the GGS Defendants' moving papers, it is respectfully requested that the Court grant Degner's motion to dismiss him from this case, with prejudice.

Dated: April 2, 2015

BAKER & HOSTETLER LLP

By: *s/ Marc D. Powers*
Marc D. Powers
Jessie M. Gabriel
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
Telephone: (212) 589-4200
Fax: (212) 589-4201
mpowers@bakerlaw.com
jgabriel@bakerlaw.com

and

Marie L. Carlisle
Baker & Hostetler LLP
81 Main Street, Suite 1100
Houston, TX 77002
Telephone: (713) 751-1600
Fax: (713) 751-1717
dhunt@bakerlaw.com
mcarlisle@bakerlaw.com

*Attorneys for Defendant Richard A. Degner*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all parties on April 2, 2015 by causing it to be filed with the CM/ECF system.

*s/ Marc D. Powers*