# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BRITT MILLER AND BRET GOULD ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | Civil Action No. 14-cv-0708 |
| Plaintiffs, | **SUR-REPLY TO MOTIONS TO DISMISS** |
| v. | **CLASS ACTION** |
| GLOBAL GEOPHYSICAL SERVICES, INC., RICHARD A. DEGNER, P. MATHEW VERGHESE, RICHARD C. WHITE, JESSE PEREZ, III, DAMIR SKERL, MICHAEL C. FORREST, GEORGE E. MATELICH, STANLEY DE JONGH OSBORNE, KARL F. KURZ, MICHAEL S. BABORICH, and JOSEPH P. MCCOY. | **LEAVE TO FILE GRANTED MAY 5, 2015** <br><br> District Judge Vanessa D. Gilmore |
| Defendants. | |

Defendants UHY LLP, on the one hand, and P. Mathew Verghese, Richard C. White, Damir Skerl, Michael C. Forrest, George E. Matelich, Stanley De Jongh Osborne, Karl F. Kurz, Michael S. Bahorich (the "Fulbright GGS Defendants") have moved to dismiss the Consolidated Amended Class Action Complaint for Violation of Securities Laws (the "Complaint") of Lead Plaintiff Billy Rinn ("Lead Plaintiff") and named plaintiffs Brett Gould, David Norris, Walter Rink, and Bryan Stanley ("Named Plaintiffs, and with Mr. Rinn, the "Plaintiffs"). After Plaintiffs filed their Omnibus Opposition to Defendants' Motions to Dismiss (dkt. # 97), later corrected solely to address a scrivener's error by the [Corrected] Omnibus Opposition to Defendants' Motions to Dismiss (the "Corrected Opposition") (dkt. # 100-1), the Supreme Court issued its decision in *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1322 (2015). Both UHY and the Fulbright GGS Defendants relied on *Omnicare* in their Replies.[1] This Sur-Reply to Motions to Dismiss (the "Sur-Reply") is filed solely to address these Defendants' reliance on *Omnicare*. Plaintiffs do not respond to these Defendants' other arguments, not because they have no response, but because a response falls outside of the scope of this Sur-Reply.

**UHY**

In *Omnicare*, a plaintiff sued over a company's statement that "[w]e believe our contract arrangements with other healthcare providers, our pharmaceutical suppliers and our pharmacy practices are in compliance with applicable federal and state laws." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, No. 13-435, 135 S. Ct. 1318, 1323 (2015). The plaintiff alleged that the statement, which appeared in a registration statement, was false not because the company did not believe it but because the company did not comply with applicable federal and state laws. *Id.* at 1324. The plaintiff raised claims under Section 11 of the Securities

---

[1] UHY filed its Defendant UHY LLP's Reply In Support of Motion to Dismiss (the "UHY Reply") (dkt. # 99) on March 27, 2015. The Fulbright GGS Defendants filed their GGS Defendants' Reply In Support of Motion to Dismiss Amended Complaint, (the "Fulbright GGS Reply") Dkt. # 103, on April 3, 2015. Collectively, the UHY Reply and Fulbright GGS Reply are the "Replies".

Act of 1933 (the "Securities Act"). The Court held that because it was a statement of opinion, the mere fact that an opinion proves to be wrong doesn't show that it was false when made. Rather, the plaintiff must show either that the defendant subjectively disbelieved the opinion or had no reasonable basis for it. *Id.* at 1327, 1328.

In this case, UHY's liability does not spring from its own false statements in its audit certification. Rather, the false statements are GGS's financial statements. UHY is liable because it certified them pursuant to subsection (a)(4) of Section 11. 15 U.S.C. § 77k(a)(4). In the Corrected Opposition, Plaintiffs cited a host of cases holding that when an auditor certifies financial statements under subsection (a)(4), it is liable under Section 11 if *the financial statements* contain false statements of material fact. Corrected Opposition, at 41-42 and n.12. Plaintiffs do not hold UHY liable for its false audit certification. They hold UHY liable under Section 11 for GGS's false financial statements. *Omnicare* never mentions audit certifications under subsection (a)(4), and never cites these cases because *Omnicare*'s holding has no bearing on an auditor's liability for financial statements that contain false statements of historic fact (here, misstated net income). UHY's audit certification is only relevant to the extent that by providing the certification, UHY takes full responsibility for the accuracy of GGS' financial statements. The foregoing principles are explicated in the cases cited in the Correct Opposition and they remain good law, for the following reasons.

First, virtually all of the decisions were issued after *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 111 S. Ct. 2749, 115 L. Ed. 2d 929 (1991). According to UHY, *Virginia Bankshares* held that "[t]he only 'fact' conveyed by a statement of opinion or belief is the fact that the speaker held the stated belief." Defendant UHY LLP's Motion to Dismiss Amended Complaint and Brief in Support ("UHY Initial Brief"), at 10 (*citing Virginia Bankshares*, 501 U.S. at 1095.) According to UHY's Reply brief, *Omnicare*'s holding is that a plaintiff must plead that a defendant "did not believe its opinion [,] specific facts exist [] to call into question the basis of its opinions[,] or [] had knowledge of material facts that contradicted its opinions." UHY Reply, at 1. Thus, at least according to UHY, far from helping its position,

*Omnicare* actually expands the bases on which a defendant may be liable for misstating opinions. Yet if the decisions Plaintiffs cited in their Corrected Opposition were decided against *Virginia Bankshares*'s backdrop, and if *Omnicare* changes nothing, then those decisions are still good law.

Second, UHY confuses the issues by focusing on the truth of its audit report, as opposed to GGS's underlying false financial statements. "An accountant has responsibility under Section 11 for the accuracy of the financial statements she certifies." *In re WorldCom Inc.*, 352 F. Supp. 2d 472, 492 (S.D.N.Y. 2005). Two of the cases Plaintiffs cited in the Corrected Opposition directly address Defendants' arguments, finding that auditor certifications are not opinions because they are not the statements at issue for Section 11 liability. *In re OSG Sec. Litig.*, 971 F. Supp. 2d 387, 399 (S.D.N.Y. 2013) (Scheindlin, J.); *Yang v. Tibet Pharm., Inc.*, No. CIV. 14-3538 FSH, 2015 WL 730036, at *3 (D.N.J. Feb. 20, 2015). Corrected Opposition, at 41-42. The statements at issue are the issuer's financial statements. When Judge Scheindlin decided *OSG*, she was faced with controlling authority that held that a defendant could only be liable for a statement of opinion in a registration statement in an action under Section 11 if the plaintiff showed that the defendant subjectively disbelieved it. *OSG*, 971 F. Supp. 2d at 398 (*quoting Fait v. Regions Financial Corp.*, 655 F.3d 105, 110 (2d Cir. 2011)). Like *Omnicare*, *Fait* addresses false statements under Section 11, but imposes a stricter regime. *Omnicare* expands liability in the Second Circuit. But Judge Scheindlin nonetheless correctly held that a certification under subsection (a)(4) of Section 11 is a **certification**, not a **statement**. The false statements are not the auditor's statements, but the financial statements themselves. If the **financials reported in** the financial statements are not opinions, then the auditor is liable if the certification is inaccurate. Indeed, there is no conceivable basis under which one might consider GSS's income statement amounts for net income and net loss as statements of opinion. Thus, "[a]uditors may not shield themselves from liability under Section 11 merely by using the word 'opinion' as a disclaimer" to their certification. *OSG*, 971 F. Supp. at 399. Anything else would make nonsense of Congress's scheme.

**Fulbright GGS Defendants**

The Fulbright GGS Defendants incorporate by reference UHY's arguments. But UHY's arguments are without merit. Further, the Fulbright UHY Defendants make no attempt to explain how UHY's arguments support their position.

## CONCLUSION

The Court should deny the Defendants' motions to dismiss.

Dated: May 6, 2015     **THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim, Esq.
Phillip Kim, Esq. (pro hac vice) (attorney in charge)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

-and-

PAYNE MITCHELL LAW GROUP
R. Dean Gresham, Esq. (State Bar No. 24027215)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Tel: (214) 252-1888
Fax: (214) 252-1889
Email: dean@paynemitchell.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on April 7, 2015, which sent notification of such filing to all counsel of record.

   /s/ Phillip Kim