**Execution Copy**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BRITT MILLER AND BRET GOULD ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>     Plaintiffs,<br><br>     vs.<br><br>GLOBAL GEOPHYSICAL SERVICES, INC., *et al.*,<br><br>     Defendants. | Civil Action No.: 14-cv-0708 |

### STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") dated August 24, 2015 is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiff Billy Rinn ("Lead Plaintiff") and named Plaintiffs Bret Gould, David Norris, Walter Rink, and Bryan Stanley ("Named Plaintiffs", and with Lead Plaintiff, the "Plaintiffs"), on behalf of themselves and the putative Settlement Class (defined below); and defendants Global Geophysical Services, Inc. ("GGS" or the "Company"), P. Mathew Verghese ("Verghese"), Richard C. White ("White"), Richard A. Degner ("Degner"), Damir S. Skerl ("Skerl"), Michael C. Forrest ("Forrest"), George E. Matelich ("Matelich"), Stanley de Jongh Osborne ("Osborne"), Michael S. Bahorich ("Bahorich"), Karl F. Kurz ("Kurz"), Joseph P. McCoy ("McCoy"), and UHY LLP ("UHY," and collectively "Defendants") by and through their respective counsel.

1.     WHEREAS, on March 20, 2014, Plaintiff Britt Miller and Bret Gould filed a class action complaint styled as *Miller, et al. v. Global Geophysical Services, Inc., et al.*, Case No. 14-

1

**Execution Copy**

cv-00708 (the "Litigation"), alleging violations of federal securities laws against defendants GGS, Verghese, Degner, White, Jesse Perez, III, Skerl, Forrest, Matelich, Osborne, Kurz, Bahorich, McCoy, MLV & Co. ("MLV") and National Securities Corporation ("National Securities") in the United States District Court for the Southern District of Texas;

2.    WHEREAS, on March 25, 2014, GGS and certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.

3.    WHEREAS, on July 14, 2014, the Court entered an order appointing Billy Rinn as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel;

4.    WHEREAS, on October 8, 2014, Plaintiffs filed a consolidated class action complaint in the Litigation alleging violations of federal securities laws against defendants Verghese, White, Skerl, Forrest, Matelich, Osborne, Bahorich, Kurz, McCoy, MLV, National Securities and UHY.

5.    WHEREAS, on December 30, 2014, Plaintiffs filed a motion for leave to file their Consolidated Amended Class Action Complaint (the "Consolidated Amended Complaint").

6.    WHEREAS, on February 11, 2015, the Court granted Plaintiffs' motion to file the Consolidated Amended Complaint.

7.    WHEREAS, on February 12, 2015, the operative Consolidated Amended Complaint was filed in the Litigation, which alleges: (Count I) violation of Section 11 of the Securities Act of 1933 (the "Securities Act") against defendants Verghese, White, Skerl, Forrest, Matelich, Osborne, Kurz, Bahorich, McCoy (collectively, the "Individual Offering Defendants"), GGS, and UHY; (Count II) violation of Section 15 of the Securities Act against the Individual Offering Defendants; (Count III) violations of Section 10(b) of the Securities and Exchange Act

**Execution Copy**

of 1934 (the "Exchange Act") against defendants Verghese, White, Degner, and GGS; (Count IV) violations of 20(a) of the Exchange Act against Verghese, White, and Degner.

8.      WHEREAS, on February 27, 2015 and March 1, 2015, the Defendants filed motions to dismiss the Consolidated Amended Complaint, which were fully briefed;

9.      WHEREAS, on May 13, 2015, the Parties participated in a full-day mediation session with Gary V. McGowan, Esq. after submitting mediation briefs;

10.     WHEREAS, the Settlement set forth in this Stipulation is the product of further, extensive arm's-length settlement negotiations that were facilitated by an experienced mediator;

11.     WHEREAS, in recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the parties to this Stipulation (the "Settling Parties") desire to settle and resolve any and all actual or potential claims by or between Plaintiffs, on the one hand, and the Defendants, on the other hand, arising out of or relating to the subject matter of this action (the "Litigation");

12.     WHEREAS, the Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed as, or be deemed to be evidence of, an admission or concession on the part of Defendants with respect to any actual or potential claim, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. This Stipulation also shall not be construed as or be deemed to be a concession by the Plaintiffs of any infirmity in the claims asserted in the Litigation.

13.     WHEREAS, the Settling Parties wish to settle and compromise any dispute regarding the Litigation or its subject matter, including but not limited to whether the Litigation was filed by Plaintiffs and defended by the Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, and agree that the Litigation is being

**Execution Copy**

voluntarily settled after work with a mediator and on advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable;

14.      WHEREAS, Plaintiffs' Counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Litigation and has analyzed the facts and the applicable law with respect to the claims of Plaintiffs against Defendants and the potential defenses thereto, which in Plaintiffs' judgment have provided an adequate and satisfactory basis for the evaluation of an agreement to settle, as described in this Stipulation;

15.      WHEREAS, counsel for the Plaintiffs and counsel for the Defendants engaged in extensive arm's-length negotiations with each other, such negotiations bearing fruit in this Stipulation;

16.      WHEREAS, based upon the investigation conducted by Plaintiffs' Counsel, Plaintiffs' Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs, and in their best interests, and Plaintiffs have agreed to settle the claims asserted in the Litigation pursuant to the terms and conditions of this Stipulation, after considering: (a) the substantial benefits that Plaintiffs will receive from settlement of the Litigation; (b) the attendant costs and risks of litigation; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

NOW THEREFORE, without any admission or concession on the part of the Plaintiffs of any lack of merit in the Litigation whatsoever, and without any admission or concession on the part of the Defendants of any liability, wrongdoing, or lack of merit in the defenses asserted in the Litigation whatsoever,

It is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal

4

**Execution Copy**

Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement, that any and all claims made, or that could have been made, including all Settled Claims (as defined below), by Plaintiffs or the Settlement Class against the Released Parties (as defined below) shall be fully and finally compromised, settled, released, and dismissed with prejudice as provided in this Stipulation, to the extent as hereafter provided, without costs as to the Settling Parties, subject to the approval of the Court, upon and subject to the following terms and conditions:

**A.      CERTAIN DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

1.      "Attorneys' Fees and Expenses" means the portion of the Gross Settlement Fund approved by the Court for payment to Plaintiffs' Counsel, including attorneys' fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice and Administration Expenses).

2.      "Auditor Defendant" means UHY LLP.

3.      "Auditor Defendant's Counsel" means DLA Piper LLP (US).

4.      "Authorized Claimant" means any Claimant (as defined below) whose claim for recovery has been allowed pursuant to the terms of the Stipulation or by order of the Court.

5.      "Award to Plaintiffs" means any award by the Court to Lead Plaintiff or Named Plaintiffs of reasonable costs and expenses directly relating to the representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

6.      "Claimant" means any Settlement Class Member who files a Proof of Claim and Release (as defined below) in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

Execution Copy

7.      "Claims Administrator" means the accounting and claims administration firm, Strategic Claims Services, Inc., that Plaintiffs' Counsel requests be appointed by the Court to administer the Settlement and disseminate notice to the Settlement Class.

8.      "Court" means the United States District Court for the Southern District of Texas.

9.      "Defendants" means GGS, Verghese, White, Degner, Skerl, Forrest, Matelich, Osborne, Bahorich, Kurz, McCoy, and UHY.

10.      "Defendants' Counsel" means Auditor Defendant's Counsel, Defendant Degner's Counsel, and GGS Defendants' Counsel.

11.      "Defendant Degner's Counsel" means Baker Hostetler LLP.

12.      "Effective Date" means the date on which all of the conditions set forth below in paragraph K.1. shall have been satisfied.

13.      "Escrow Account" means the interest-bearing account selected by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent for the benefit of the Plaintiffs and the Settlement Class until the Effective Date of the Settlement.

14.      "Escrow Agent" means the Claims Administrator or its duly appointed agent(s). The Escrow Agent shall perform the duties as set forth in this Stipulation.

15.      "Final," with respect to the Court's Order and Final Judgment, shall mean when either of the following has occurred: (a) if an appeal or review is not sought by any Person from the Order and Final Judgment, the day following the expiration of the time to appeal or petition from the Order and Final Judgment; or (b) if an appeal or review is sought from the Order and Final Judgment, the day after such Order and Final Judgment is affirmed or the appeal or review

6

**Execution Copy**

is dismissed or denied and such Order and Final Judgment is no longer subject to further judicial review.

16.     "GGS Defendants" means defendants Global Geophysical Services, Inc., P. Mathew Verghese, Richard C. White, Damir Skerl, Michael C. Forrest, George E. Matelich, Stanley De Jongh Osborne, Karl F. Kurz, Michael S. Bahorich, and Joseph P. McCoy.

17.     "GGS Defendants' Counsel" means Norton Rose Fulbright US LLP.

18.     "GGS securities" means any security issued by GGS, including GGS common stock and GGS Series A preferred stock.

19.     "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

20.     "Lead Plaintiff" means Billy Rinn.

21.     "Liaison Counsel" means the Payne Mitchel Law Group.

22.     "Named Plaintiffs" means Bret Gould, David Norris, Walter Rink, and Bryan Stanley.

23.     "Net Settlement Fund" means the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses; (ii) Notice and Administration Expenses; (iii) taxes; (iv) any Award to Plaintiffs; and (v) other fees and expenses authorized by the Court.

24.     "Notice and Administration Account" means the account to be established from the Gross Settlement Fund and maintained by Plaintiffs' Counsel. The Notice and Administration Account may be drawn upon by Plaintiffs' Counsel for Notice and Administration Expenses without further order of the Court.

25.     "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the preparation, printing, mailing, and publication of the Notice to

7

**Execution Copy**

the Settlement Class of the proposed settlement, all expenses associated with the Escrow Account and Escrow Agent, and all other expenses of Settlement administration; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses through the Effective Date.  All such Notice and Administration Expenses shall be paid from the Gross Settlement Fund.

26.     "Offering" means the underwritten offering of GGS Series A preferred stock pursuant to GGS' December 3, 2013 registration statement.

27.     "Order and Final Judgment" means the order and judgment entered by the Court.

28.     "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government, or any political subdivision or agency thereof, any other type of legal or political entity, any representative, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

29.     "Plaintiffs" means the Lead Plaintiff and the Named Plaintiffs.

30.     "Plaintiffs' Counsel" means The Rosen Law Firm, P.A.

31.     "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Settlement of Class Action (the "Notice"), attached as Exhibit A-1 to the Order of Preliminary Approval of Settlement) to Authorized Claimants after payment of Notice and Administration Expenses, Taxes and Tax Expenses, and Attorneys' Fees and Expenses. Any Plan of Allocation is not part of the Stipulation and the Released Parties shall have no liability with respect thereto.

32.     "Released Parties" means each of the Defendants and any of their current, former, or future parents, subsidiaries, affiliates (which, in regard to UHY, for purposes of this

8

**Execution Copy**

Stipulation, shall be deemed to include UHY Advisors, Inc., and all of its wholly-owned direct and indirect subsidiaries), partners, joint venturers, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, trustees, insurers (and their respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders, partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past, present and future employees, officers, directors, attorneys, accountants, auditors, agents and representatives), reinsurers, advisors, accountants, associates, and/or any other individual or entity in which Defendants have or had a controlling interest or which is or was related to or affiliated with any of the Defendants, and the current, former, and future legal representatives, heirs, successors-in-interest, or assigns of any of the Defendants.

33.     "Settled Claims" means any and all claims, debts, demands, liabilities, rights, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive exemplary or otherwise), interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below): (i) that have been or could have been asserted in the Litigation or any other action by the Plaintiffs and/or Settlement Class Members or any of them against any of the Released Parties, including, without limitation, claims that relate to any statements or certifications made by any of the Defendants that Plaintiffs allege in the Litigation were false or misleading, or that relate to any of the alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted in or

9

**Execution Copy**

relating to the Litigation, or otherwise alleged, asserted, or contended in the Litigation or (ii) that

relate to the purchase or sale of GGS securities, including, without limitation, claims for fraud,

misrepresentation, or claims based upon or related in any way to the purchase, acquisition, or

sale of GGS securities during the Settlement Class Period or the Offering, that have been or

could have been asserted in the Litigation or any other action by the Plaintiffs or any Settlement

Class Members, their heirs, executors, administrators, representatives, affiliates, successors, and

assigns against the Released Parties or any of them. Settled Claims also include any and all

claims arising out of, relating to, or in connection with the Settlement or resolution of the

Litigation against the Released Parties (including Unknown Claims that arise out of, relate to, or

are in connection with the Settlement or resolution of the Litigation against the Released Parties),

except claims to enforce any of the terms of this Stipulation.

34.     "Settled Defendant's Claims" means all claims, demands, rights, remedies,

liabilities, and causes of action of every nature and description whatsoever, whether based on

federal, state, local, statutory, or common law, or any other law, rule, or regulation, including

both known and Unknown Claims, that (i) have been or could have been asserted in the

Litigation by any of the Defendants or the successors and assigns of any of them, against any of

the Plaintiffs or any of their attorneys, and (ii) arise out of or relate in any way to the institution,

prosecution, or Settlement of this Litigation or the Settled Claims, including but not limited to all

claims for malicious prosecution or sanctions. "Settled Defendant's Claims" does not include

claims to enforce any of the terms of this Stipulation.

35.     "Settlement Class" and "Settlement Class Members" mean, for purposes of this

Settlement, all Persons who purchased: (i) the common stock of GGS from February 22, 2012

through March 26, 2014, inclusive; and/or (ii) GGS Series A preferred stock pursuant to or

**Execution Copy**

traceable to GGS's December 3, 2013 registration statement, who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants, all former officers and directors of GGS and all such excluded Persons' immediate families, legal representatives, heirs, successors, and assigns, and any entity in which any excluded Person has or had a controlling interest, and any Persons who have separately filed actions against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") concerning this Stipulation as set forth in Exhibit A. Additionally excluded from the Settlement Class are those Persons who have no compensable damages (i.e., those who sold prior to a corrective disclosure).

36.     "Settlement Class Distribution Order" means the order entered by the Court, upon application of Plaintiffs' Counsel following the occurrence of the events identified in paragraph D.13. below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Settlement Class.

37.     "Settlement Class Period" means the period from February 22, 2012 through March 26, 2014, inclusive.

38.     "Settlement" means the settlement contemplated by this Stipulation.

39.     "Settlement Amount" means a fund in the amount of $5,300,000.00 (Five Million Three Hundred Thousand Dollars and Zero Cents).  The Settlement Amount is payable: (a) $4,800,000 (Four Million Eight Hundred Thousand Dollars and Zero Cents) by the GGS

**Execution Copy**

Defendants (the "GGS Defendants' Payment"), and (b) $500,000.00 (Five Hundred Thousand Dollars and Zero Cents) by UHY (the "UHY Settlement Payment").  The GGS Defendants are not obligated to pay any portion of the UHY Settlement Payment, and UHY is not obligated to pay any portion of the GGS Defendants' Payment.  However, this Stipulation does not become effective unless all of the GGS Defendants' Payment and the UHY Settlement Payment are paid pursuant to the terms of this Stipulation.

40.    "Settlement Hearing" means the final hearing to be held by the Court to determine: (1) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (2) whether all Settled Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered thereon; (4) whether the allocation of the Settlement Fund should be approved; and (5) whether the application for an award of Attorneys' Fees and Expenses and an Award to Plaintiffs should be approved.

41.    "Unknown Claims" means (a) any claims that the Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of GGS securities, and (b) any Settled Defendant's Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendant's Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Final Judgment shall have waived,

**Execution Copy**

any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement which this release is a part.

**B.      SCOPE AND EFFECT OF SETTLEMENT AND RELEASES**

1.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Settled Claims as against all Released Parties and any and all Settled Defendant's Claims as against the Plaintiffs, the Settlement Class Members, and their attorneys.

2.      Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Plaintiffs and the Settlement Class Members on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any Person they represent, shall, with respect to each and every Settled Claim, release, waive and forever relinquish and discharge, and shall forever be enjoined from prosecuting, all Settled Claims and any and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof

13

**Execution Copy**

of Claim and Release, except claims to enforce any of the terms of this Stipulation. Further, all Settlement Class Members on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, expressly covenant not to assert any claim or action against any of the Released Parties that: (i) arises out of or relates to the purchase or sale of GGS securities, or (ii) that could have been alleged, asserted, or contended in any forum by the Settlement Class Members or any of them against any of the Released Parties, arising out of or relating to the purchase or sale of GGS securities, and shall forever be enjoined from commencing, instituting, or prosecuting any such claim, so long as such claim relates to the purchase or sale of GGS securities.

3.       The Proof of Claim and Release to be executed by the Settlement Class Members shall be substantially in the form and content contained in Exhibit A-3 to the Preliminary Approval Order attached hereto as Exhibit A.

4.       Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Defendants shall release and forever discharge each and every one of the Settled Defendant's Claims, and shall forever be enjoined from prosecuting the Settled Defendant's Claims as against the Plaintiffs, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

## C.       THE SETTLEMENT CONSIDERATION

1.       Subject to the terms of this Stipulation, the sum of $5,300,000.00 (Five Million Three Hundred Thousand Dollars and Zero Cents) shall be paid by Defendants into the Escrow Account as follows:  (a) the GGS Defendants shall pay the GGS Defendants' Payment within twenty-one (21) days after the Court signs the Preliminary Approval Order or by September 30, 2015, whichever date is later; and (b) UHY shall pay the UHY Settlement Payment within sixty

**Execution Copy**

(60) days after the Court signs the Preliminary Approval Order as provided in this Stipulation. Collectively, those payments shall constitute the Settlement Amount.

2.      The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof and any Tax Expenses (as defined below), shall be used to pay: (i) the Notice and Administration Expenses as authorized by this Stipulation; (ii) Attorneys' Fees and Expenses authorized by the Court; (iii) any Award to Plaintiffs authorized by the Court; and (iv) other fees and expenses authorized by the Court. The balance of the Gross Settlement Fund remaining after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.   Defendants shall have no responsibility, duties or liability with respect to the allocation of the Gross Settlement Fund between and among Plaintiffs, their counsel, any Settlement Class Members, or any other Persons.

3.      Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of the Plaintiffs and the Settlement Class until the Effective Date. Until the date the Order and Final Judgment is entered, all payments made from the Settlement Fund shall require the signature of an authorized representative of both the Escrow Agent and the GGS Defendants' counsel. After the Order and Final Judgment is entered, payments made from the Settlement Fund shall require only the signature of an authorized representative of the Escrow Agent and shall not require the signature of Defendants' counsel's authorized representative. All funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court. Other than amounts disbursed for providing notice to the Settlement Class, customary administration costs, and Taxes and Tax

**Execution Copy**

Expenses, and the Attorneys Fees and Expenses (which shall be paid to Plaintiffs' Counsel within two business days after the Court executes an order awarding such fees and expenses), the remainder of the Settlement Fund shall not be distributed until the Effective Date. The Escrow Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.

4.      The Escrow Agent shall invest any funds in excess of $150,000.00 in short-term United States Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $150,000.00 may be held in a bank account insured to the extent possible by the Federal Deposit Insurance Corporation. Interest earned on the money deposited into the Escrow Account shall be part of the Gross Settlement Fund.

5.      The Notice and Administration Expenses shall be paid from the Gross Settlement Fund. In order to pay Notice and Administration Expenses, $100,000.00 (One Hundred Thousand Dollars and Zero Cents) from the payment by the GGS Defendants shall be withdrawn from the Gross Settlement Fund and deposited into a Notice and Administration Account upon payment by the GGS Defendants. Any monies from the Notice and Administration Fund that remain after administration shall be returned to the Net Settlement Fund. The Notice and Administration Account may be drawn upon by Plaintiffs' Counsel for Notice and Administration Expenses without further Court approval. The Notice and Administration Account shall be administered solely by the Escrow Agent. Any taxes or other expenses incurred in connection with the Notice and Administration Account shall be paid from the Notice and Administration Account or from the remainder of the Gross Settlement Fund. The Released Parties shall not have any obligation for payment of taxes or other expenses associated with the

16

**Execution Copy**

Notice and Administration Account. Notice and Administration Expenses in excess of $100,000.00 (One Hundred Thousand Dollars and Zero Cents) shall not be paid out of the Gross Settlement Fund until after the Effective Date. In no event shall an amount more than the Settlement Amount be paid for Notice and Administration Expenses, and in no event shall the Released Parties be responsible to pay any amount for Notice and Administration Expenses.

6.      The Settling Parties shall have access to all records of the Escrow Account, and upon request made to the Escrow Agent, shall receive copies of all records of disbursements, deposits, and statements of accounts.

7.      After the Effective Date, the Released Parties shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund. The Released Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees, or any other expenses payable from the Gross Settlement Fund.

**D.      ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND**

1.      The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Plaintiffs' Counsel, and subject to appeal to, and jurisdiction of, the Court. The Released Parties shall have no liability, obligation, or responsibility for the administration of the Gross Settlement Fund or Net Settlement Fund, or for the distribution of the Net Settlement Fund.

2.      Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.      To the extent not paid from the Notice and Administration Account, to pay following an order of the Court approving any such payment, the expenses incurred in

**Execution Copy**

connection with providing notice to Settlement Class Members, administering and distributing the Net Settlement Fund to Settlement Class Members, processing Proofs of Claim, processing requests for exclusion, escrow fees and costs, and any applicable taxes;

b.    Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in paragraph F. below.

c.    After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Plaintiffs' Counsel shall file a motion for distribution of the Settlement Fund with the Court listing each Authorized Claimant, the amount of each claim that Plaintiffs' Counsel believes should be allocated and distributed to each such Authorized Claimant, accounting for all Notice and Administration Expenses, and requesting Court approval to distribute the Settlement Fund to the Authorized Claimants and pay any further Notice and Administration expenses.

3.    Each Settlement Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release (in substantially the form set forth in Exhibit A-3 hereto, which *inter alia* releases all Settled Claims against all Released Parties), signed under penalty of perjury by the beneficial owner(s) of the GGS securities that are the subject of the Proof of Claim and Release, or by someone with documented authority to sign for the beneficial owners and supported by such documents as specified in the instructions accompanying the Proof of Claim and Release.

4.    All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this

18

**Execution Copy**

Stipulation or from the Net Settlement Fund (unless Plaintiffs' Counsel in its discretion deems such late filing to be a formal or technical defect, or unless by Order of the Court a later submitted Proof of Claim by such Settlement Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Litigation. Provided that it is received before the motion for the Settlement Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

5.      Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, under the supervision of Plaintiffs' Counsel, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court. No later than seven (7) days prior to disbursement of the Net Settlement Fund, Plaintiffs' Counsel shall provide Defendants with a list of Proofs of Claim received by the Claims Administrator indicating which Proofs of Claim have been allowed by the Claims Administrator.

6.      Following notice to Defendants' Counsel, Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.      Proofs of Claim that do not meet the filing requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator,

**Execution Copy**

under the supervision of Plaintiffs' Counsel, shall notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of paragraph D.8. below.

8.      If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required by paragraph D.7. above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court.

9.      The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Settlement Class Distribution Order.

10.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

11.      Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims are not approved by

**Execution Copy**

the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for in this Stipulation, and will be barred from bringing any action against the Released Parties arising out of or relating to the Settled Claims.

12.      All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

13.      The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Plaintiffs' Counsel for a Settlement Class Distribution Order only after all of the following having occurred: (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

14.      If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment

EAST\102161190.1

**Execution Copy**

of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a charity pursuant to the Court's discretion.

15.     Before the Effective Date, Plaintiffs' Counsel shall file with the Court a declaration under penalty of perjury describing how notice of the Settlement was given to the Settlement Class.

**E.     TAX TREATMENT**

1.     The Parties agree to treat the Gross Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created. In addition, the Escrow Agent and, as required, the Settling Parties, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Plaintiffs' Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.     For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel. Plaintiffs' Counsel shall timely and properly file all tax returns necessary or advisable with respect to the

**Execution Copy**

Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k). Such returns (as well as the election described in paragraph E.1. hereof) shall be consistent with this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.2. hereof. Notwithstanding anything in this Stipulation to the contrary, UHY shall have no tax-related responsibilities with respect to the portion of the Gross Settlement Fund comprising the GGS Defendants' Payment, and the GGS Defendants shall have no tax-related responsibilities with respect to the portion of the Gross Settlement Fund comprising the UHY Settlement Payment.

3.      All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Gross Settlement Fund. In all events, the Released Parties shall have no liability for Taxes or the Tax Expenses, and Plaintiffs and Plaintiffs' Counsel agree to indemnify and hold the Released Parties harmless for Taxes and Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding

**Execution Copy**

anything in this Stipulation to the contrary) to withhold from distribution to the Settlement Class Members any funds necessary to pay such Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses. The Released Parties shall have no responsibility or liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

**F.       ALLOCATION OF NET SETTLEMENT FUND**

1.       The Plan of Allocation is based upon Plaintiffs' Counsel's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Settlement Class Members.

2.       Defendants do not take any position as to the proposed Plan of Allocation and shall have no responsibility for or obligations or liabilities of any kind whatsoever in connection with the proposed or finalized Plan of Allocation.

3.       The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation, or payment of claims to Settlement Class Members.

4.       Defendants shall have no involvement in the solicitation of, or review of Proofs of Claim, or involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation and the Order and Final Judgment to be entered by the Court. No Claimant or Authorized Claimant shall have any claim against the Released Parties or their counsel based on, or in any way relating to, the distributions from either the Gross Settlement Fund or the Net Settlement Fund.

24

**Execution Copy**

5.      No Authorized Claimant shall have any claim against Plaintiffs' Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.      Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity, finality or enforceability of this Settlement.

## G.      OBLIGATIONS OF AND LIMITATIONS OF LIABILITY OF ESCROW AGENT

1.      The Escrow Agent's obligations shall be limited to maintaining account of and properly paying sums as required by this Stipulation to the limited extent that such sums have been delivered into the Escrow Account or Notice and Administration Account as required by this Stipulation. The Escrow Agent shall be liable only for acts of fraud, gross negligence, willful misconduct or material violations of the obligations in this Stipulation.

## H.      PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

1.      Plaintiffs' Counsel intends to submit an application to the Court, on notice to counsel for Defendants, for the payment of Attorneys' Fees and Expenses, including: (i) an award of attorneys' fees up to one-third of the Settlement Amount; (ii) reimbursement of litigation costs and expenses, plus interest, including fees and expenses of experts, incurred in connection with the prosecution of the Litigation; and (iii) an Award to Plaintiffs.

2.      Any attorneys' fees and costs and Award to Plaintiffs awarded by the Court shall be paid from the Gross Settlement Fund within two (2) business days after the full Settlement Amount is fully funded pursuant to the terms of this Stipulation. Plaintiffs' Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' Counsel in a manner in which Plaintiffs' Counsel in good faith believe reflects the contributions of such counsel to the

**Execution Copy**

initiation, prosecution, and resolution of the Litigation. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Attorneys' Fees and Expense award is overturned or lowered, or if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become final and binding upon the Settlement Class, then, within five (5) business days from receiving notice from Defendants' Counsel or an such order from a court of appropriate jurisdiction, Plaintiffs' Counsel shall refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this Stipulation

3.      Plaintiffs' Counsel waives the right to make an additional application or applications for payment from the Gross Settlement Fund for fees and expenses incurred after the Settlement Hearing. The other Settling Parties shall take no position on any application concerning Plaintiffs' Counsel's request or award of attorneys' fees and reimbursement of expenses, or Award to Plaintiffs.

It is agreed that the procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Counsel for Attorneys' Fees and Expenses, including fees for experts and consultants to be paid out of the Gross Settlement Fund, and any order or proceeding relating thereto, shall not operate to terminate or cancel this Stipulation or affect its finality, and shall have no effect on the terms of this Stipulation or on the enforceability of this Settlement.  The

**Execution Copy**

approval of the Settlement shall not be contingent on the award of attorneys' fees, expenses or any other amounts to Plaintiffs or their Counsel.  The Released Parties shall have no responsibility or liability for the allocation among Plaintiffs' counsel, and/or among any other Person, of any Fee and Expense Award that the Court may make in the Litigation.

## I.      THE PRELIMINARY APPROVAL ORDER

1.      Promptly after execution of this Stipulation, Defendants and Plaintiffs shall submit the Stipulation together with its exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order in connection with settlement proceedings substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Settlement Class of the Settlement Hearing. The Preliminary Approval Order (Exhibit A hereto) to be submitted to the Court shall contain exhibits substantially in the form set forth in: (i) the Notice of Pendency and Settlement of Class Action (the "Notice") (Exhibit A-1 to the Preliminary Approval Order); (ii) the Summary Notice of Pendency and Settlement of Class Action ("Summary Notice") (Exhibit A-2 to the Preliminary Approval Order); and (iii) the Proof of Claim and Release (Exhibit A-3 to the Preliminary Approval Order).

2.      The Released Parties are not liable or responsible for the method of, or representations made in, the Notice or the Summary Notice.

## J.      ORDER AND FINAL JUDGMENT TO BE ENTERED BY THE COURT APPROVING THE SETTLEMENT

1.      Defendants and Plaintiffs shall seek to have the Court enter an Order and Final Judgment substantially in the form of Exhibit B hereto.

## K.      CONDITIONS OF SETTLEMENT

27

**Execution Copy**

1.     The Effective Date of the Settlement shall be conditioned upon the occurrence of ALL of the following events:

a.     The Court shall enter the Preliminary Approval Order substantially in the form of Exhibit A hereto;

b.     No party shall have exercised within the required time period any right to terminate the Settlement as permitted by paragraph L. below;

c.     The Court shall enter the Order and Final Judgment substantially in the form of Exhibit B hereto;

d.     The Court's Order and Final Judgment, substantially in the form of Exhibit B, shall have become "Final," as defined in paragraph A.12.;

e.     The Settlement Amount shall have been paid, as set forth in paragraph C.1. above;

2.     Upon occurrence of ALL of the events referenced in paragraph K.1. above, Plaintiffs shall have, and each and all of the members of the Settlement Class shall hereby be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, waived, settled, and discharged, in accordance with the terms of paragraph B. above, the Released Parties from and with respect to the Settled Claims, whether or not such members of the Settlement Class execute and deliver a Proof of Claim.

3.     Upon occurrence of ALL of the events referenced in paragraph K.1. above, the obligation of the Escrow Agent to return funds from the Gross Settlement Fund to Defendants pursuant to paragraph L.4. or any other provision of this Stipulation shall be absolutely and forever extinguished.

**L.     RIGHTS OF TERMINATION AND EFFECTS THEREOF**

EAST\102161190.1

**Execution Copy**

1.      Each of the Defendants and Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel of the Settling Parties within thirty (30) days after the date on which any of the following occurs:

a.      the Court declines to enter the Preliminary Approval Order substantially in the form of Exhibit A hereto;

b.      the Court issues an order declining to approve this Stipulation or any material part of it;

c.      the Court declines to enter the Order and Final Judgment substantially in the form of Exhibit B hereto;

d.      the Order and Final Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court;

e.      in the event that the Court enters an order and final judgment in a form other than that provided above (an "Alternative Judgment") and none of the Settling Parties elects to terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by a Court of Appeals or the Supreme Court;

2.      If prior to the Settlement Hearing, (i) Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate purchased GGS common or preferred stock during the Settlement Class Period in an amount greater than the amounts specified in a separate Supplemental Agreement between the parties (the "Supplemental Agreement"), or (ii) Persons file lawsuits alleging fraud in connection with

29

**Execution Copy**

the purchase of more than the number of GGS common or preferred shares specified in the Supplemental Agreement, then each Defendant shall have the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement ("Opt-out Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the parties concerning its interpretation or application arises, but may be examined in camera if so requested or ordered by the Court. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to the Defendants no later than fourteen (14) days prior to the Settlement Hearing. The required procedure for and consequences of exercising an Opt-out Termination Option are as follows:

a.   To exercise the Opt-out Termination Option, Defendant(s) must serve written notice, signed by their counsel, upon counsel for the other Settling Parties, not less than seven (7) days before the Settlement Hearing;

b.   If Defendants exercise the Opt-out Termination Option as provided in this Stipulation, this Stipulation shall be null and void, and the provisions of paragraph L. hereof shall apply.

3.   If the GGS Defendants' Payment is not made within the time period specified in paragraph C.1. of this Stipulation, then Plaintiffs, in their sole discretion, may elect, at any time prior to the Court's entering the Order and Final Judgment, (a) to terminate the Settlement by providing written notice to the Settling Parties; or (b) to enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms in this Stipulation.  If UHY fails to make the UHY Settlement Payment within the time period specified in paragraph C.1 of this Stipulation, Plaintiffs may elect to enforce the terms of this Settlement and Stipulation against

30

**Execution Copy**

UHY and seek a judgment from this Court effecting the terms herein.  Should such a judgment be entered by this Court, UHY shall pay Plaintiffs' Counsel their reasonable attorneys' fees and costs in obtaining and enforcing such judgment.  Defendants cannot terminate the Settlement for failure to pay the amounts set forth in paragraph C.1. of this Stipulation.

4.      Upon termination of the Stipulation pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for notice to the Settlement Class pursuant to the terms of the Stipulation, to Defendants within ten (10) business days thereafter (the "Returned Settlement Amount").

5.      If this Stipulation is terminated pursuant to its terms, and at the request of any Defendants or Plaintiffs, the Escrow Agent or the Escrow Agent's designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Defendants.

6.      If this Stipulation is terminated pursuant to its terms, all of the Settling Parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation, except that the provisions of paragraphs E.1-3, G., L.5-7., M.9.-10., and M.12. shall survive termination.

7.      No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses awarded by the Court shall constitute grounds for termination of the Stipulation.

**M.      MISCELLANEOUS PROVISIONS**

31

**Execution Copy**

1.      The Settling Parties: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.      The Settling Parties acknowledge and warrant as follows:

a.      By executing this Stipulation, each of the Settling Parties represents that they have carefully read and fully understand this Stipulation and its final and binding effect;

b.      By executing this Stipulation, each of the Settling Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without requiring additional consent, approval, or authorization of any other person, board, entity, tribunal, or other regulatory or governmental authority;

c.      By executing this Stipulation, each of the Settling Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation do not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party is bound or affected;

d.      By executing this Stipulation, each of the Settling Parties represents that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, nonmonetary, or injunctive relief known

32

**Execution Copy**

or suspected to exist against them that would affect this Stipulation or their ability to enter into, execute or perform each and every obligation in this Stipulation;

        e.      By executing this Stipulation, each of the Settling Parties represents that no representations, warranties, inducements or promises of any kind or character have been made by any other Settling Party, Released Party, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation;

        f.      By executing this Stipulation, each of the Settling Parties represents that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained in this Stipulation;

        g.      By executing this Stipulation, each of the Settling Parties represents that this Stipulation is not the result of any fraud, duress, or undue influence, and that they have not assigned, transferred, or conveyed, or purported to assign, transfer, or convey, voluntarily, involuntarily or by operation of law, any or all of their respective rights and claims or any security interest with respect to any of their respective rights and claims;

        h.      By executing this Stipulation, each of the Settling Parties represents that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation; and

        i.      By executing this Stipulation, each of the Settling Parties represents that they have been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of their choice.

        3.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth in this Stipulation.

**Execution Copy**

4.      No amendment or modification of this Stipulation shall be effective unless in writing and signed by the Settling Parties or their successors-in-interest.

5.      Plaintiffs' Counsel's Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Gross Settlement Fund, and the Released Parties shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

6.      Plaintiffs' Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class.

7.      The persons signing this Stipulation represent that they are authorized to do so on behalf of their respective clients.

8.      This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

9.      This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Settling Parties. No assignment shall relieve any party hereto of any obligations hereunder.

10.      All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of Texas without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

**Execution Copy**

11.      The Plaintiffs, on behalf of themselves and each member of the Settlement Class, and the other Settling Parties hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Plaintiffs' Counsel, Awards to Plaintiffs, and enforcing the terms of this Stipulation.

12.      Because of the arm's-length negotiations that preceded the execution of this Stipulation, all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

13.      Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by Defendants of any liability or wrongdoing whatsoever. This Stipulation shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Litigation or of any liability or wrongdoing by any of the Released Parties. This Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity.

14.      The Settling Parties intend the Settlement to be a final and complete resolution of all claims and disputes asserted or that could be asserted by the Settlement Class Members against the Released Parties with respect to the Settled Claims. Accordingly, unless the Court's Order and Final Judgment approving the Settlement does not become Final, the Settling Parties agree not to assert in any forum that the Litigation was brought by Plaintiffs or defended by

**Execution Copy**

Defendants in bad faith or without a reasonable basis. Additionally, the Settling Parties shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Litigation. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

15.     The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

16.     The waiver of one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Settling Party or counsel for that Settling Party. No failure or delay on the part of any Settling Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Settling Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

17.     The Settling Parties agree that nothing contained in this Stipulation shall cause any Settling Party to be the agent or legal representative of another Settling Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Settling Parties, nor is any Settling Party granted any right or authority to assume or

Execution Copy

create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling Party be in any way liable for any debt of another Settling Party as a result of this Stipulation except as explicitly set forth in this Stipulation.

**N.      Limitations on Subsequent Claims**

1.      The Judgment shall, as a material condition of the settlement, contain the following provision :

> In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A), and expressly subject to §§ B and N of the Stipulation, each of the Defendants are discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Persons based upon, relating to, or arising out of the Settled Claims. Accordingly, (i) any and all Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any such claim for contribution against any Defendant based upon, relating to, or arising out of the Settled Claims; and (ii) the Defendants are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against any Person based upon, relating to, or arising out of the Settled Claims ("Reform Act Bar Order").

2.      Inclusion of the Reform Act Bar Order in the Judgment is material to the Settling Parties' decision to participate in this Stipulation. If the Judgment fails to include the Reform Act Bar Order, or if appellate review of the Reform Act Bar Order is sought and on such review vacated, modified or reversed, then the conditions specified above in paragraph N.1 shall not be met.

3.      The Judgment shall, as a material condition of the settlement, contain the following provision:

> Subject to the provisions of the Stipulation, all Persons are barred from commencing, prosecuting, or asserting any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against the Released Parties based upon, arising out of, or relating to the Settled Claims; and the Released Parties are barred from commencing, prosecuting, or asserting any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against any Persons, including but not limited to Lead Plaintiffs or its counsel, based upon, arising out of, or relating to the

**Execution Copy**

Settled Claims, including the prosecution or institution of this litigation ("Complete Bar Order").

4.      Inclusion of the Complete Bar Order in the Judgment is material to Settling Parties' decision to participate in this Stipulation. If the Judgment fails to include the Complete Bar Order, or if appellate review of the Complete Bar Order is sought and on such review vacated, modified or reversed, then the conditions specified in N.1. shall not be met.

5.      Notwithstanding the foregoing provisions, (a) nothing in the Judgment will bar the Parties from pursuing claims that are outside the scope or independent of the Settled Claims; and (b) this Order and Final Judgment shall not bar or enjoin any person from commencing, prosecuting, or asserting any claim based on contractual indemnification (including under an insurance policy) or indemnification based on the corporate formation documents or bylaws of GGS.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

**Execution Copy**

IN WITNESS WHEREOF, the Settling Parties, intending to be legally bound by this Stipulation,

have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and

year first above written.

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq.
Philip Kim, Esq.
Jonathan Horne, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

*Lead Counsel for Plaintiffs*

**THE PAYNE MITCHELL LAW GROUP**

R. Dean Gresham, Esq. (State Bar No. 24027215)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Tel: (214) 252-1888
Fax: (214) 252 1889
Email: dean@paynemitchell.com

*Liaison Counsel for Plaintiffs*

**NORTON ROSE FULBRIGHT US LLP**

Gerard G. Pecht
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Fax: (713) 651-5246

and

EAST\102161190.1

**Execution Copy**

IN WITNESS WHEREOF, the Settling Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

**THE ROSEN LAW FIRM, P.A.**

_____

Laurence M. Rosen, Esq.
Philip Kim, Esq.
Jonathan Horne, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

*Lead Counsel for Plaintiffs*

**THE PAYNE MITCHELL LAW GROUP**

_____

R. Dean Gresham, Esq. (State Bar No. 24027215)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Tel: (214) 252-1888
Fax: (214) 252 1889
Email: dean@paynemitchell.com

*Liaison Counsel for Plaintiffs*

**NORTON ROSE FULBRIGHT US LLP**

_____

Gerard G. Pecht
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Fax: (713) 651-5246

and

39

Execution Copy

Peter A. Stokes
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 536-5287
Fax: (512) 536-4598

*Counsel for Defendants Global Geophysical Services, Inc., P. Mathew Verghese, Richard C.
White, Damir S. Skerl, Michael C. Forrest, George E. Matelich, Stanley De Jongh Osborne, Karl
F. Kurz, Michael S. Bahorich, and Joseph P. McCoy.*

**BAKER HOSTETLER LLP**

Marc D. Powers
Jessie M. Gabriel
45 Rockefeller Plaza, 14th Floor
New York, NY 10022
Telephone: (212) 589-4200
Fax: (212) 589-4201

and

Marie L. Carlisle
811 Main Street, Suite 1100
Houston, TX 77002
Telephone: (713) 751-1600
Fax: (713) 751-1717

*Counsel for Defendant Richard A. Degner*

**DLA PIPER LLP (US)**

Karl G. Dial
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4500
Fax: (972) 813-6275

and

40

**Execution Copy**

Christina Ponig
1000 Louisiana Street
Suite 2800
Houston, TX 77002-5005
Telephone: (713) 425-8400
Fax: (713) 425-8401

and

Lawrence A. Wojcik
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
Telephone: (312) 368-4000
Fax: (312) 236-7156

*Counsel for Defendant UHY LLP*

41